[Civ. No. 2605.   First Appellate District, Division One.—December 31, 1918.]

## A. P. STOTTS, Plaintiff and Respondent, v. EDWIN MEESE, as Treasurer, etc., Defendant and Respondent; CHARLES D. BATES et al., Defendants and Appellants.

STREET IMPROVEMENTS—IMPROVEMENT ACT OF 1911—ASSESSMENT, COR-RECTION OF.—Where in proceedings under the Improvement Act of 1911 an assessment signed by the street superintendent contained, by mistake, charges which were not legally chargeable against the property affected, the correction of the mistake later by the super-intendent by making a new assessment to conform to the true facts was irregular but not void, since under sections 21 and 26 of the act of 1911 the city council, on appeal, could have ordered the assessment to be corrected, and if the property owner or the superintendent had appealed the error could have been, and doubt-less would have been, corrected.

ID.—CANCELLATION OF ASSESSMENT.—A property owner is not entitled to have canceled an assessment under the Improvement Act of 1911 that is not void but merely irregular.

APPEAL from a judgment of the Superior Court of Alameda County.   William H. Waste, Judge.   Reversed.

The facts are stated in the opinion of the court.

Johnson & Shaw and R. M. F. Soto for Defendants and Appellants.

Milton S. Hamilton for Plaintiff and Respondent.

STURTEVANT, J., *pro tem.*—The plaintiff brought this action to obtain a decree that Bates, Borland, and Ayer did not hold a lien on the lands of the plaintiff by reason of cer-tain proceedings had for the purpose of improving a street in Oakland.   The authorities purported to proceed under the Improvement Act of 1911.   Whether they did so proceed is the question involved in this case.

The plaintiff had judgment in the trial court, and Bates, Borland, and Ayer, the contractors, have appealed.

No attack is made except on the assessment.   The assessment proceedings show that on July 8, 1914, a clerk in the office of the superintendent of streets delivered into the hands of the

superintendent a completed form of assessment, and, believing it to be in substance as he had directed it should be, the superintendent signed it. Later it transpired that said document contained a mistake. It included charges for crossings which were not legally chargeable to the plaintiff's property. The assessment was for $230, whereas it should have been for $60.91. When the superintendent of streets discovered his mistake one week later, July 15, 1914, he proceeded to correct the mistake by making a new assessment to conform to the true facts.

We concede at the outset that the Improvement Act of 1911 does not contain any clause expressly conferring power to reassess, but we think it contains provisions which clearly imply such power. The plaintiff contends that the assessment could have been corrected on appeal by the city council, and that it was the duty of the superintendent of streets to have taken such appeal. The statute does not contain a provision expressly imposing the duty of taking the appeal on the city authorities, nor does the statute provide that an appeal must be taken. But it will be conceded that on appeal the city council could have ordered the assessment to be corrected. (Improvement Act 1911, secs. 21, 26, [Stats. 1911, p. 730].) If, therefore, the plaintiff or the superintendent had appealed the error could have been, and doubtless would have been, corrected. When such condition exists the error or irregularity is not fatal. (Sec. 26, *supra; Chase* v. *Trout,* 146 Cal. 350, 362, [80 Pac. 81].) The exact method of correcting the first assessment is not limited by any provision of the constitution, and, therefore, an irregularity in the method of correcting the assessment is not a violation of any fundamental right of the plaintiff. These propositions of law are deducible from *Chase* v. *Trout, supra,* in which case the court was considering the Vrooman Act. With that case before it the legislature enacted the act of 1911. To reinforce the scope of section 26, *supra,* it added section 82. That section provides:

"This act shall be liberally construed to the end that its purposes may be effective. No error, irregularity, informality, and no neglect or omission of any officer of the city, in any procedure taken hereunder, which does not directly affect the jurisdiction of the city council to order the improvement, shall avoid or invalidate such proceeding or any assessment

for the cost of work done thereunder. The exclusive remedy of any person affected or aggrieved thereby shall be by appeal to the city council as herein provided."

As we construe the act of 1911, we cannot say. that the assessment was void. It was irregular, but the plaintiff was not entitled to have canceled an assessment that was merely irregular.

It follows that the judgment should be reversed, and it is so ordered.

Lennon, P. J., and Beasly, J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 30, 1919, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 27, 1919.

All the Justices concurred.