[Civ. No. 24813.   First Dist., Div. Three.   Apr. 1, 1969.]

GERALD P. GREER, Plaintiff and Appellant, v. EMMETT HITCHCOCK, as Treasurer, etc., et al., Defendants and Respondents; NORTHBAY PIPELINE COMPANY, Intervener and Respondent.

[Civ. No. 24814.   First Dist., Div. Three.   Apr. 1, 1969.]

NORTHBAY PIPELINE COMPANY, Plaintiff and Appellant, v. CONTRA COSTA COUNTY STORM DRAINAGE DISTRICT ZONE 13 et al., Defendants and Respondents.

(Consolidated Cases.)

Haley, McInerney & Dillon and Alexander Karst for Plaintiff and Appellant in Civ. No. 24813.

Mayer & Coleman and George W. Coleman for Plaintiff and Appellant in Civ. No. 24814 and Intervener and Respondent in Civ. No. 24813.

John A. Nejedly, District Attorney, and Victor J. Westman, Deputy District Attorney, for Defendants and Respondents.

DRAPER, P. J.—Contra Costa County Storm Drainage District Zone 13 called for bids for construction of a drainage system. When the bids were opened November 16, 1965, Northbay Pipeline Company was the low bidder, at $64,199.10. The next day, that bidder notified the board of supervisors that clerical errors in preparing its bid made the figure too low by $22,392.58. Addition of this amount to the actual bid would leave Northbay's figure some $10,000 below the next highest bid. On November 23, the board, by resolution, rejected Northbay's request for revision of its bid, and directed award of the contract to Northbay at the bid figure. This resolution was rescinded November 30, and an ''Agreement for Reformation of Bid'' and a new contract for the same work at a price of $71,955.88 was executed by the board and Northbay. Gerald P. Greer filed a taxpayer's suit against

336

Hitchcock and Funk, county treasurer and auditor, to restrain payment by them to Northbay. Northbay then commenced an action against the district, the board of supervisors, the county treasurer and auditor to recover some $22,000 claimed to have been omitted from its bid through clerical errors. The full bid price had been paid to it. The cases were consolidated for trial. Judgment denied Northbay the full recovery it sought, but allowed it to recover the $7,000 plus excess over the original bid which was provided for by the revised contract. Northbay appeals, urging that some $22,000 should have been awarded to it. Greer's appeal urges that the $7,000 excess over the bid was erroneously granted.

The statute under which the district was organized requires that all contracts for any improvement costing the amount here involved be let only to the lowest responsible bidder after a published call for bids (Deering's Uncodified Water Acts, Act 1656, § 22; West's Water Code Appendix, § 69-29). This required mode of contracting limits the power to contract. No contract made otherwise is enforceable against the public corporation. Nor can work done without a valid contract afford a basis for recovery in quasi-contract, by way of estoppel, or through attempted ratification of the invalid contract, since allowance of any such recovery would evade the salutary requirement of competitive bidding for public contracts (*Zottman* v. *San Francisco,* 20 Cal. 96). The rule of this leading case has been repeatedly followed in California and elsewhere.

Upon discovery of the error, Northbay may well have had the right to rescind its bid (*M. F. Kemper Constr. Co.* v. *City of Los Angeles,* 37 Cal.2d 696 [235 P.2d 7]). It chose not to suggest rescission. Rather, it sought an increase in the contract price. Granting of such an increase directly violated the statutory requirement that contracts be let only to the lowest bidder answering a published call for bids. (*Paterson* v. *Board of Trustees,* 157 Cal.App.2d 811 [321 P.2d 825]; see *Lemoge Electric* v. *County of San Mateo,* 46 Cal.2d 659 [297 P.2d 638].) Because the board could make no contract in excess of the bid, its resolution of November 30 purporting to fix a price of more than $71,000 was void, and created no enforceable contract against the district. Although the trial court correctly declined to allow Northbay recovery for the $22,000 it sought, it erred in allowing more than $7,000 in excess of the bid.

■ No party, either at trial or here, argued the propriety of the district's having paid anything at all to Northbay. But the rule not only precludes recovery for work done without compliance with a competitive bidding requirement; but requires return to the municipality of payments made upon an invalid contract if sought in an action by a taxpayer (*Miller* v. *McKinnon*, 20 Cal.2d 83 [124 P.2d 34, 140 A.L.R. 570]). Failure of the parties to urge such illegality does not relieve an appellate court of its duty to protect the municipality (*Stockton Morris etc. Co.* v. *California etc. Corp.*, 112 Cal. App.2d 684, 690 [247 P.2d 90]; see *Fewel & Dawes, Inc.* v. *Pratt*, 17 Cal.2d 85, 92 [109 P.2d 650]). Here, the taxpayer's complaint seeks to enjoin all payments under the contract. Thus, even though the issue was not argued below or here, we asked counsel to brief the right of Northbay to retain the payments made to it. Upon careful consideration of this question, we are satisfied that payment to Northbay of the original bid price was proper.

As we have shown, the agreement approved by the board November 30 was invalid because let in a mode other than that prescribed by the statute. If this contract were the only basis for payment, Northbay could not rely upon ratification, quantum meruit or estoppel to defeat a claim for restitution of the payments it received. Because it is charged with knowledge of the basic limitations upon the district's contracting power, it would have to bear the loss.

But a valid contract for payment of the original bid price does exist. The district board, on November 23, rejected Northbay's request for upward revision of its bid and ordered the contract awarded at the bid price. This award gave rise to a contract between the district and Northbay (*City of Susanville* v. *Lee C. Hess Co.*, 45 Cal.2d 684, 694 [290 P.2d 520]). Since the later purported rescission of this resolution was invalid, it left in full effect the contract effected by the November 23 award. That contract, having been made in compliance with the public bidding requirement, is valid.

The judgment is affirmed insofar as it approves payment of the bid price of $64,199.10, already received by Northbay. In all other respects the judgment is reversed. Costs on appeal are to be paid by Northbay.

Brown (H. C.), J., and David, J. pro tem.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.