[No. E019371. Fourth Dist., Div. Two. July 15, 1998.]

SAN ELIJO RANCH, INC., Plaintiff and Appellant,
CITY OF SAN MARCOS, Plaintiff and Respondent, v.
COUNTY OF SAN DIEGO, Defendant and Appellant.

**COUNSEL**

John J. Sansone, County Counsel, Diane Bardsley, Chief Deputy County Counsel, and R. Mark Beesley, Deputy County Counsel, for Defendant and Appellant.

Lounsbery Ferguson Altona & Peak, Helen Holmes Peak, Kevin P. Sullivan, Luce, Forward, Hamilton & Scripps, Charles A. Bird and Jeffrey A. Chine for Plaintiff and Appellant.

No appearance for Plaintiff and Respondent.

OPINION

GAUT, J.—

### 1. *Basis for Appeal*

The County of San Diego (County) appeals from the granting of a traditional writ of mandate issued at the request of San Elijo Ranch, Inc. (San Elijo) and the City of San Marcos (City) compelling the County to landscape its San Marcos landfill. San Elijo and the City contend that the County agreed to the landscaping requirements in its environmental impact statement (EIR) prepared by the County when it requested authority to expand the landfill. The City included those same requirements in the conditional use permit (CUP) it issued to the County authorizing the expansion.

The County raises the following issues: (1) did the City and San Elijo have to exhaust their administrative remedies before requiring issuance of a writ of mandate; (2) may mitigating provisions in an EIR be enforced by a writ of mandate.

We conclude that the California Integrated Waste Management Act (Waste Act) (Pub. Resources Code, § 40050 et seq.)[1] contains an extensive administrative structure to enforce conditions contained within the landfill permit issued to the County approving expansion of the San Marcos landfill and that San Elijo's failure to pursue first those remedies bars it from seeking judicial relief. On the other hand, we conclude that the Legislature authorized local authorities to enforce limitations imposed upon landfill operators, particularly local land use regulations. As a result, the City had the right to seek judicial intervention to compel the enforcement of the landscaping provisions of its CUP. We therefore affirm the order issuing a writ of mandate to enforce the provisions of the City's CUP.

The complaint contains 12 causes of action. The trial court ruled on the first, fourth, seventh, and tenth causes of action. On the first cause of action the court ruled in favor of San Elijo and the City, issuing a writ of mandate. On the fourth, seventh and tenth causes of action the court ruled in favor of the County. Neither party has raised any issue as to the other causes of action, and San Elijo and the City do not complain about the rulings on the fourth, seventh and tenth causes of action. We will therefore consider only the first cause of action on this appeal.

### 2. *Facts*

The County opened the San Marcos solid waste disposal facility in 1978. In 1990 the County began to plan for the expansion of the facility. The

---

[1] All statutory references are to the Public Resources Code unless otherwise specified.

County prepared and approved its own EIR in 1990, which ultimately included a mitigation monitoring program to monitor the County's compliance with the mitigation measures set forth in the EIR. Other agencies, including the Regional Water Quality Control Board, the local enforcement agency of the California Integrated Waste Management Board (Waste Board), and the City issued appropriate permits for expansion of the landfill.[2] The City issued a CUP which, among other requirements, directed the County to comply with the mitigation measures included in the EIR. The CUP was for a one-year term, renewable for up to seven years if the city manager found that the County's compliance with the condition of the permit was "satisfactory and continuing."

In December 1993 the County first deposited trash in the landfill under its expansion permit. San Elijo and the City assert that the County failed to comply with the landscaping conditions included as a mitigation measure in the EIR and the CUP. On May 9, 1995, after a hearing on the issue, the City found that the County had not complied with the City's CUP, including, among other items, the landscaping requirements, and ordered closure of the landfill by March 11, 1997.

San Elijo, the owner of 2,000 acres adjacent to the landfill, and the City contend that the failure of the County to comply with the various permits adversely and irreparably harmed them.

The mitigation measures included within the EIR and the City's CUP required the County to: (1) employ a landscape architect to prepare a landscape program to visually screen landfill activities and scarring of hillsides; (2) provide a plan for landscaping along Questhaven and Elfin Forest Roads; (3) provide a plan for landscaping fill slopes to screen terraces and drainage control facilities; (4) provide a plan for plantings adjacent to detention basins to screen them from off-site viewers; (5) prepare an operations plan to incorporate the landscape plans; (6) provide in the landscape plan appropriate phasing of plantings in order to replant disturbed areas; (7) provide in the plan for the use of Diegan coastal sage scrub, southern mixed chaparral species where feasible, and drought-resistant trees in the setback adjacent to the Elfin Forest right-of-way; (8) provide a landscaping plan which meets the requirements of the City; (9) vegetate the exterior-facing slopes as soon as possible with mature specimens (24-inch box) where appropriate; and (10) provide recorded open space easements within 2 years of the expansion operation.

---

[2] Respondent's request is granted to augment the record on appeal to include the City's Resolution No. 92-4095 approving the CUP and the solid waste facilities permit for the San Marcos landfill.

### 3. *Traditional Mandamus*

We apply the substantial evidence standard in our review of the decision of the superior court to issue the writ of mandate. (*Elizabeth D.* v. *Zolin* (1993) 21 Cal.App.4th 347, 353 [25 Cal.Rptr.2d 852].)

The City and San Elijo filed a petition seeking the issuance of a writ of mandate under Code of Civil Procedure section 1085, the so-called traditional mandamus provision. That writ may be issued ". . . to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, . . ." (Code Civ. Proc., § 1085.) The action may be brought by any party with a clear, present, and beneficial right to the performance of the duty. The City and San Elijo have alleged such a right and the County has not seriously questioned that assertion.

### 4. *Administrative Remedies*

The more challenging issue is whether there are administrative remedies which petitioners must first exhaust before seeking a judicial resolution. Petitioners argue that the County has an obligation to comply with the mitigation provisions of the EIR independent of the permits issued under the Waste Act (Cal. Code Regs., tit. 14, § 18082), and that the County therefore has the responsibility to comply with the mitigation provisions without regard to whether there are administrative remedies available to enforce those provisions.

The County argues that before it could enlarge the landfill it had to obtain permits from various administrative entities, including the Waste Board and its local enforcement agency (Local Agency), and it had to prepare an environmental impact statement according to the requirements of the California Environmental Quality Act (CEQA). The County argues that the Waste Board and the Local Agency are charged with the responsibility under the Waste Act to administer and enforce regulations applicable to solid waste disposal. As a result, the County argues the City and San Elijo should have sought relief from either of those entities before petitioning the superior court.

In *Abelleira* v. *District Court of Appeal* (1941) 17 Cal.2d 280, 292-293 [109 P.2d 942, 132 A.L.R. 715], the Supreme Court stated: "[W]here an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act. [Citations.] [¶] The rule itself is settled with scarcely any conflict. It is not a matter of judicial discretion, but is a fundamental rule of

procedure laid down by courts of last resort, followed under the doctrine of *stare decisis*, and binding upon all courts. . . . Bearing in mind the analysis of jurisdiction which has heretofore been made, and examining the authorities dealing with the rule, we are necessarily led to the conclusion that exhaustion of the administrative remedy is a jurisdictional prerequisite to resort to the courts."

The exhaustion requirement does not apply where an effective remedy is lacking. An effective remedy does not exist where there is a mere general supervisory power in some official body. (*Rosenfield* v. *Malcolm* (1967) 65 Cal.2d 559, 566 [55 Cal.Rptr. 505, 421 P.2d 697].) Nor does the exhaustion requirement apply where the same statute provides an administrative and a judicial remedy. (*City of Susanville* v. *Lee C. Hess Co.* (1955) 45 Cal.2d 684, 689 [290 P.2d 520].)

The Waste Act provided the City and San Elijo various administrative remedies for the enforcement of the landscaping mitigation measures. The Waste Act establishes a comprehensive program for solid waste management (§ 40002). It creates the Waste Board (§§ 40400-40510), which has the power to enforce the Waste Act using such tools as corrective action orders, cease-and-desist orders, cleanup orders, and civil penalties. (§§ 43300, 45000, 45005, 45010-45024.)

The Waste Act also authorizes the establishment of local enforcement agencies which are given the authority to inquire into violation of the terms or conditions of the solid waste permits (§ 43200; Cal. Code Regs., tit. 14, § 18302.) The local enforcement agency has broad duties and powers (§ 43209) including the investigation of permit violations (Cal. Code Regs., tit. 14, § 18303), temporary suspension of permits (§ 44305, subd. (a)), issuance of cease-and-desist orders (§ 45005), assessment of civil penalties (§ 45011), issuance of notices and orders requiring permit violations be remedied (§ 45000, subd. (a); Cal. Code Regs., tit. 14, § 18304), and in the absence of correction, initiation of judicial proceedings. (Cal. Code Regs., tit. 14, § 18304.) The Waste Board may investigate local enforcement agency performance (§ 43216.5) and initiate judicial action if it finds that the local enforcement agency has failed to take appropriate steps. (Cal. Code Regs., tit. 14, § 18350.)

Section 45040 expressly authorizes any party "aggrieved" by a decision and order issued by the Local Agency or the Waste Board to file a petition for a writ of mandate for review of the decision. That section presumes that no petition for writ of mandate will be filed until the administrative agency has rendered a decision and order.

The administrative duties and powers recited above gave the City and San Elijo a variety of administrative procedures to force the County to comply with the mitigation measures of the EIR, the CUP, and the various solid waste permits. These administrative procedures established "clearly defined machinery for the submission, evaluation and resolution of complaints by aggrieved parties." (*Rosenfield* v. *Malcolm, supra*, 65 Cal.2d at p. 566.) The City and San Elijo should have used the administrative machinery created by the Waste Act to enforce the mitigation provisions of the permit before seeking judicial relief.

The Waste Act contains specific provisions applicable only to local agencies like the City. The Waste Act expressly provides that "the responsibility for solid waste management is a shared responsibility between the state and local governments" (§ 40001, subd. (a)), and that local governmental responsibilities "are integral to the successful implementation" of the Waste Act. (§ 40703.) The Waste Act directs the Waste Board to consult and coordinate with local governmental agencies. (§§ 40703, 43301, 43307, 40910, 41791.2, 42500, 42501, 42511, 42540, 42600, 42650, 43217, 42003, 47103.)

The Waste Act does not stop at merely compelling the Waste Board to coordinate its activities with state and local governments. Section 40053 provides that the Waste Act does not limit ". . . the power of a city, . . . to impose and enforce reasonable land use conditions or restrictions on solid waste management facilities in order to prevent or mitigate potential nuisances . . . ." Section 41851 provides that "[n]othing in this chapter shall infringe on the existing authority of . . . cities to control land use or to make land use decisions . . . ." (See also §§ 42023, 43208.)

The Waste Act, at the very least, gives local governmental entities both an administrative and a judicial remedy to enforce their reasonable land use conditions or restrictions on solid waste management facilities. We conclude that the City therefore had the right to choose which of those remedies to pursue in order to enforce its own land use regulations in the CUP. (*City of Susanville* v. *Lee C. Hess Co., supra*, 45 Cal.2d 684, 689.) The City pursued the judicial alternative and properly obtained the writ which is at issue in this appeal. San Elijo, on the other hand, had no such authority and its failure to pursue its administrative remedies requires the reversal of the writ of mandate in its favor.

### 5. *Other County Claims Without Merit*

The County argues that the City failed to join indispensable parties and that the City cannot enforce the mitigation measures adopted in connection

with the CEQA process. We have examined those assignments of error and in light of our conclusions above, find they are without merit.

## 6. *Disposition*

The judgment issuing a writ of mandate is affirmed as to the City of San Marcos, but reversed as to San Elijo. San Marcos is awarded its costs of suit. The County and San Elijo shall bear their own costs. San Elijo's post oral argument request that the court take judicial notice of designated trial court pleadings is denied.

McKinster, Acting P. J., and Richli, J., concurred.