[No. A109510. First Dist., Div. One. Feb. 27, 2006.]

UNFAIR FIRE TAX COMMITTEE, Plaintiff and Appellant, v.
CITY OF OAKLAND, Defendant and Respondent.

## COUNSEL

Law Office of Paul Kleven and Paul Kleven for Plaintiff and Appellant.

John A. Russo, City Attorney, Barbara J. Parker, Chief Assistant City Attorney, and Mark T. Morodomi, Deputy City Attorney, for Defendant and Respondent.

## OPINION

**SWAGER, J.**—The Unfair Fire Tax Committee, an association of property owners (hereafter plaintiff), brought an action against the City of Oakland (hereafter the City) to challenge the creation of a fire suppression assessment district (hereafter fire suppression district) and now appeals an order sustaining the City's demurrer to its second amended complaint and dismissing the complaint. We reverse.

### PROCEDURAL BACKGROUND

Plaintiff's complaint, as amended, alleges an action in accordance with Code of Civil Procedure section 863 to determine the validity of the creation of the Oakland Wildfire Prevention Assessment District by Resolution No. 78305 adopted on January 20, 2004 by the Oakland City Council. The complaint alleges that the City failed to follow the procedures of Government Code section 50078 et seq. for the creation of a fire suppression district, the procedures of Government Code section 53750 et seq. implementing Proposition 218 (Cal. Const., arts. XIIIC & XIIID) by giving property owners protest rights to block special assessment districts, the California Environmental Quality Act, and the California Endangered Species Act. As relief, the complaint prays for a writ of mandate directing the City to refrain from implementing the ordinance and a declaratory judgment adjudicating the invalidity of the district, as well as damages and injunctive relief.

The City demurred to the complaint on the ground that plaintiff failed to exhaust administrative remedies provided by section 19 of Oakland

Ordinance No. 12556 (hereafter Ordinance No. 12556), adopted November 18, 2003, and entitled Oakland Fire Suppression, Prevention, and Preparedness District Ordinance. When the trial court sustained the demurrer with leave to amend, plaintiff filed a second amended complaint to which the City again demurred. In an order filed January 24, 2005, the trial court sustained the demurrer without leave to amend and dismissed plaintiff's complaint.

## DISCUSSION

On appeal, our review is guided by well-established standards. We independently determine "whether a cause of action is stated under a consideration of all of the facts pled . . . ." (*Satten v. Webb* (2002) 99 Cal.App.4th 365, 374–375 [121 Cal.Rptr.2d 234].) " ' "We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed." [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.]' " (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126 [119 Cal.Rptr.2d 709, 45 P.3d 1171], quoting *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].) We affirm if any ground offered in support of the demurrer was well taken but find error if plaintiff has stated a cause of action under any possible legal theory. (*Barquis v. Merchants Collection Assn.* (1972) 7 Cal.3d 94, 103 [101 Cal.Rptr. 745, 496 P.2d 817]; *Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967 [9 Cal.Rptr.2d 92, 831 P.2d 317].)

■ Twelve years after the October 1991 firestorm, the Oakland City Council enacted Ordinance No. 12556, which provided "a procedure for the authorization and creation of special assessment districts to fund services and programs for fire suppression, prevention and preparedness within the areas of the City of Oakland at risk from such fires." The ordinance authorized the city council to create a fire suppression district by resolution, adopted after notice and a public hearing. The required notice provided for the protest and hearing procedures mandated by Government Code section 53753, implementing the constitutional amendment known as Proposition 218. Under this statutory procedure, property owners subject to tax assessment within the proposed district possess a right to submit written protests against the proposed assessment at any time prior to the close of the noticed public hearing on the creation of the district. If it determines that the protests do not constitute a majority protest within the meaning of Proposition 218, the city council has the power to adopt a resolution forming the district and to adopt a benefit assessment report specifying the proposed assessment.

Two provisions of Ordinance No. 12556 addressed procedures to challenge creation of the district. Section 17 of Ordinance No. 12556 provided that Code

of Civil Procedure section 860 et seq. applied to any judicial action to validate or attack a resolution adopting the benefit assessment report and levying the initial assessment. Section 19 of Ordinance No. 12556 provided as follows: "This chapter shall be liberally construed in order to effectuate its purposes. No error, irregularity, informality, and no neglect or omission of any officer, in any procedure taken under this division, shall [void] or invalidate such proceeding or any assessment. *The exclusive remedy of any person affected or aggrieved thereby shall be by appeal to the City Council.*" (Italics added.)

The City's demurrer to the second amended complaint was supported by a request for judicial notice of Ordinance No. 12556 and Resolution No. 78305. This record discloses that the city council adopted a resolution of intention to create the proposed district and issued notices of a public hearing required by the majority protest procedure of Proposition 218. The council received protests of the proposed assessment and a benefit assessment report of the city engineer at a public hearing on January 6, 2004. Finding that the protests did not constitute a majority protest, the city council created the proposed district, known as the Oakland Wildfire Prevention Assessment District, and levied the assessments proposed by the benefit assessment report by Resolution No. 78305 adopted on January 20, 2004.

The legal grounds for the City's demurrers was the failure of both the first and second amended complaints to allege an appeal of Resolution No. 78305 to the city council pursuant to section 19 of Ordinance No. 12556. When plaintiffs were given an opportunity to allege such an appeal in the order sustaining the first demurrer, they again omitted the allegation in the second amended complaint. The trial court again sustained the demurrer to the amended pleading, but this time without leave to amend.

■ We begin our analysis with the rule of exhaustion of administrative remedies. "In brief, the rule is that where an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act." (*Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 292 [109 P.2d 942].) Without contesting this familiar rule, plaintiff advances five reasons why the rule should not be applied to require an appeal to the city council as provided by section 19 of Ordinance No. 12556. First, plaintiff maintains that the ordinance provision requiring such an appeal is inconsistent with the statutory procedures mandated by Proposition 218. Second, the so-called appeal was really a request for a rehearing or reconsideration that is not required for a petition for judicial review under the criteria of *Sierra Club v. San Joaquin Local Agency Formation Com.* (1999) 21 Cal.4th 489 [87 Cal.Rptr.2d 702, 981 P.2d 543]. Third, the ordinance provision comes within the rule "that where a statute provides an administrative remedy and also provides an alternative judicial

remedy[,] the rule requiring exhaustion of the administrative remedy has no application . . . ." (*City of Susanville v. Lee C. Hess Co.* (1955) 45 Cal.2d 684, 689 [290 P.2d 520].) Fourth, the appeal to the city council does not provide an adequate remedy because the first sentence of section 19 insulates the city council's resolution from administrative challenge.

Lastly, plaintiff argues that, since section 19 of Ordinance No. 12556 does not specify a procedure to be followed in the appeal to the city council, it is an ineffective administrative remedy that does not need to be pursued. We will confine our discussion to this argument because we consider it to be dispositive.

A long line of authority holds that "[t]he exhaustion requirement is not applicable where an effective administrative remedy is wholly lacking." (3 Witkin, Cal. Procedure (4th ed. 1996) Actions, § 314, p. 404.) Thus, in *Rosenfield v. Malcolm* (1967) 65 Cal.2d 559, 566 [55 Cal.Rptr. 505, 421 P.2d 697] the Supreme Court held that the existence of an official body with "continuing supervisory or investigat[ive] power" did not afford an " 'administrative remedy' unless the statute or regulation under which that power is exercised establishes clearly defined machinery for the submission, evaluation and resolution of complaints by aggrieved parties." The language has been cited in a series of later decisions. (E.g., *Goehring v. Chapman University* (2004) 121 Cal.App.4th 353, 380 [17 Cal.Rptr.3d 39]; *Lance Camper Manufacturing Corp. v. Republic Indemnity Co.* (1996) 44 Cal.App.4th 194, 199 [51 Cal.Rptr.2d 622]; *Horsemen's Benevolent & Protective Assn. v. Valley Racing Assn.* (1992) 4 Cal.App.4th 1538, 1552–1553 [6 Cal.Rptr.2d 698].)

*Martino v. Concord Community Hosp. Dist.* (1965) 233 Cal.App.2d 51 [43 Cal.Rptr. 255], which was discussed approvingly in both *Rosenfield* and *Goehring*, is very close on its facts to the present case. The bylaws of the medical staff of a hospital district provided that a physician whose application for membership in the staff has been deferred was authorized to file "a request for appeal" that would be "considered" under another bylaw provision specifying the powers and duties of an executive committee. The court held that "[t]his nebulous procedure" was not an adequate procedural remedy and therefore the plaintiff's failure to request an appeal was not a bar to an action for judicial review. The court noted that a physician whose application has been deferred had "no assurance that he [would] be afforded a hearing . . . [and] is entitled only to file a request for appeal which will be disposed of in an unspecified manner by the executive committee of the medical staff." (*Id.* at p. 57.)

Plaintiff argues that section 19 of Ordinance No. 12556 merely allows a person aggrieved by a resolution creating a fire suppression district to request

reconsideration of the resolution by the same decisionmaking body that adopted the resolution, i.e., by the city council. The section fails entirely to provide any procedure for "submission, evaluation and resolution" of such a request for reconsideration; it does not state how the appeal (or request for reconsideration) may be taken, whether the appellant will be entitled to a hearing, when the matter will be heard, what evidence may be submitted, or the standard for reconsidering the city council's earlier decision. In short, the right of appeal is fully as nebulous as that in *Martino*.

The City asks us to take judicial notice of four different provisions of its municipal law that would have some application to the appeal mentioned in section 19.[1] Oakland City Charter, section 402, provides that the city clerk functions as clerk of the city council and therefore an appeal could appropriately be filed with this official. City Council Rules of Procedure, rule 24 would require the rules and legislation committee, which meets every Thursday pursuant to Rules of Procedure, rule 4, to place the appeal on the agenda of a city council meeting. Oakland Municipal Code, section 2.20.150, subdivision (B), would entitle "each member of the public to directly address" the city council concerning the appeal.

We note that these provisions are drawn from disparate sources of municipal law; none of the provisions are mentioned in section 19 and none refer to an appeal from a resolution establishing a fire suppression district. In the absence of some specific reference to an appeal under section 19 of Ordinance No. 12556, the provisions cannot be regarded as providing a "clearly defined machinery" for consideration of such an appeal. Moreover, the provisions leave important questions unanswered; they do not specify when an appeal must be filed, when it must be heard by the city council, what standard the city council should be applying in reconsidering the decision to establish the district, what right the appellant may have to present evidence, or when the city council must resolve the appeal.

 We hold that the language of section 19 of Ordinance No. 12556 allowing an aggrieved person to "appeal" to the city council a resolution to establish a fire suppression district does not provide an adequate administrative remedy because it lacks any procedural mechanism for submission, evaluation and resolution of the appeal. The doctrine of exhaustion of administrative remedies therefore did not require plaintiff to pursue such an appeal or request for reconsideration. In light of our holding, we do not need

---

[1] We grant the City's request for judicial notice filed October 11, 2005, in its entirety.

to consider the other arguments that plaintiff advances. In particular, we do not reach the issue whether the appeal provided by section 19 came within the terms of *Sierra Club v. San Joaquin Local Agency Formation Com., supra,* 21 Cal.4th 489 as a nonobligatory request for rehearing or whether section 19 provided an alternative administrative remedy within the terms of *City of Susanville v. Lee C. Hess Co., supra,* 45 Cal.2d 684.

## DISPOSITION

The judgment is reversed.

Marchiano, P. J., and Stein, J., concurred.