[Civ. No. 66493. Second Dist., Div. Seven. Apr. 27, 1983.]

ANTHONY J. FOSTER, Plaintiff and Appellant, v.
CIVIL SERVICE COMMISSION OF LOS ANGELES COUNTY et al.,
Defendants and Respondents.

446

COUNSEL

Anthony J. Foster, in pro. per., for Plaintiff and Appellant.

John H. Larson, County Counsel, and Nancy M. Naftel, Deputy County Counsel, for Defendants and Respondents.

OPINION

THOMPSON, J.—Petitioner Anthony J. Foster sought a writ of mandate (Code Civ. Proc., § 1094.5) to compel the respondents Los Angeles County Civil Service Commission, Board of Supervisors and the Department of Communications, to reinstate him as a county employee and pay him accumulated back salary. The trial court denied the petition and petitioner has appealed the judgment.

The record discloses that petitioner was first employed as a telephone operator by respondent department of communications on May 17, 1974. Thereafter, on December 2, 1974, he attained permanent status. Effective November 5, 1976, petitioner was suspended for 30 days without pay and effective December 5, 1976, petitioner was discharged from county service by respondent department of communications due to his continuous lack of observance of working hours.

On November 24, 1976, petitioner requested and was granted a hearing, set for December 28, 1976, by respondent civil service commission to inquire into his suspension and discharge. Commissioner Frank A. Work was assigned as hearing officer.

Following the hearing, the hearing officer affirmed petitioner's discharge on the ground that his continuous lack of observance of working hours constituted

just cause for his suspension and discharge. Thereafter, he made findings of fact and conclusions of law.

On February 17, 1978, respondent County of Los Angeles adopted by ordinance the applicability of Code of Civil Procedure section 1094.6.

On April 12, 1978, the commission adopted the hearing officer's findings of fact and conclusions of law. The commission then notified petitioner by letter dated May 25, 1978, of its decision and of his right to seek judicial review of the decision within 90 days from the notice as required by Code of Civil Procedure section 1094.6.

On July 29, 1981, petitioner filed his petition for writ of mandate. On September 16, 1981, respondents filed their answer to the petition in which they admitted and denied certain allegations of the petition, and, in addition, they made the following allegations:

"1. The Court has no jurisdiction over the subject of this action in that petitioner failed to comply with Code of Civil Procedure section 1094.6 in that he has not filed his petition within the required time limitations.

"2. Petitioner has failed to produce a copy of the transcript of the administrative hearing and to specify, by reference to the record, how the evidence was insufficient to support the Commission's decision."

At the hearing on the petition on September 22, 1981, petitioner's motion for continuance was denied by the trial court. Thereafter, the trial court denied the petition and entered judgment thereon on October 16, 1981. Petitioner appeals this judgment.

## CONTENTIONS

Petitioner contends that: (1) the denial of a continuance was an abuse of discretion; (2) the commission's decision was not supported by substantial evidence; and (3) the dismissal of the petition for lack of an administrative record was an abuse of discretion.

Respondents contend that: (1) the petition for writ of mandate was not timely filed; (2) petitioner failed to show the commission acted unfairly, in excess of jurisdiction or committed prejudicial abuse of discretion; and (3) petitioner's facts and documents are matters outside the record.

## SUMMARY

Denial of petitioner's request for a continuance was not an abuse of discretion. Petitioner included matters in his brief which are outside the record on ap-

peal and are outside the scope of our review. The proceedings for a writ of mandate were not timely commenced and, thus, barred by Code of Civil Procedure section 1094.6, even if applied retroactively. Substantial evidence supported the decision of respondent civil service commission based on the presumption of regularity. Consequently, we will affirm the judgment.

DISCUSSION

*Denial of Continuance Proper Exercise of Court's Discretion*

■ The granting or denying of a continuance is a matter within the court's discretion, which cannot be disturbed "on appeal except upon a clear showing of an abuse of discretion." (*People* ex rel. *Dept. Pub. Wks.* v. *Busick* (1968) 259 Cal.App.2d 744, 749 [66 Cal.Rptr. 532].)

There is no policy in this state of indulgence or liberality in favor of parties seeking continuances. Rather, the granting of continuances is not favored and the party seeking a continuance must make a proper showing of good cause. (*County of San Bernardino* v. *Doria Mining & Engineering Corp.* (1977) 72 Cal.App.3d 776, 779 [140 Cal.Rptr. 383]; *Young* v. *Redman* (1976) 55 Cal.App.3d 827, 831-832 [128 Cal.Rptr. 86]; Cal. Rules of Court, rule 224; § 9, subd. (b), Standards Jud. Admin.)

As stated in *County of San Bernardino* v. *Doria Mining & Engineering Corp., supra,* at page 779: "In determining what consitutes good cause, guidance has been provided by the Standards of Judicial Administration adopted by the Judicial Council. (See *Young* v. *Redman,* 55 Cal.App.3d 827, 831-832 [128 Cal.Rptr. 86].) Standard 9, adopted in 1971, provides in pertinent part: 'To insure the prompt disposition of civil cases, each superior court should: . . . (b) Adopt a firm policy regarding continuances, emphasizing that the dates assigned for a trial setting or pretrial conference, a settlement conference and for trial must be regarded by counsel as definite court appointments. Any continuance, whether contested or uncontested or stipulated to by the parties, should be applied for by noticed motion, with supporting declarations, to be heard only by the presiding judge or by a judge designated by him. No continuance otherwise requested should be granted except in emergencies. A continuance should be granted only upon an affirmative showing of good cause. . . .' Thereafter, four possible grounds for continuance are discussed (1) death of trial attorney or witness, (2) illness of trial attorney or witness, (3) unavailability of trial attorney or witness, and (4) 'Substitution of trial attorney: The substitution of the trial attorney only where there is an affirmative showing that the substitution is required in the interests of justice.' "

Petitioner admits in his opening brief that the only purpose of the motion for a continuance was "to allow the appellant time to properly analyze the full ad-

ministrative record, which was in the possession of the County Employees Union Local 660 until 16 September 1981 when it was delivered to the [petitioner] by said Union." No emergency or any of the grounds for good cause was shown. Petitioner had almost a week to conduct such an analysis before the September 22, 1981, hearing.

*Matters Outside Record*

In his brief on appeal, petitioner has made statements of alleged fact and references to documents filed with his brief. They attack the sufficiency of the evidence to support the commission's decision and contend the commencement of these proceedings for a writ of mandate is governed by the four-year statute of limitations contained in Code of Civil Procedure section 343. There are no references in petitioner's brief to the record on appeal.

Petitioner, who tried the case in propria persona, prosecutes this appeal in similar capacity. We have indulged the petitioner and examined the record on appeal for support of these matters, even though a "lay person, who is not indigent, and who exercises the privilege of trying his own case must expect and receive the same treatment as if represented by an attorney—no different, no better, no worse." (*Taylor* v. *Bell* (1971) 21 Cal.App.3d 1002, 1009 [98 Cal.Rptr. 855].)

Our examination reveals no support in the record on appeal for these matters in petitioner's brief. ■ As a general rule, documents and facts not before the trial court cannot be included as a part of the record on appeal. (*Doers* v. *Golden Gate Bridge etc. Dist.* (1979) 23 Cal.3d 180, 184, fn. 1 [151 Cal.Rptr. 837, 588 P.2d 1261]; Cal. Rules of Court, rule 15(a).) Thus, we must disregard these matters, which are beyond the scope of our review. (See 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 218, pp. 4208-4209.)

*Petition for Writ of Mandate Not Timely Filed*

Code of Civil Procedure section 1094.5, subdivision (a) authorizes a judicial review of administrative decisions by means of a writ of mandate whenever a hearing is required, evidence is taken, and factual determinations are made. Before the enactment of Code of Civil Procedure section 1094.6, different statutes of limitations governed petitions for review of decisions made by local agencies, depending on the right or obligation involved. (See, e.g., *Allen* v. *Humboldt County Board of Supervisors* (1963) 220 Cal.App.2d 877, 884 [34 Cal.Rptr. 232]; 2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 359, pp. 1197-1198; *Selected 1976 California Legislation: Civil Procedure* (1977) 8 Pacific L.J. 214, 247.)

Code of Civil Procedure section 1094.6,[1] enacted in 1976, permits local agencies,[2] except school districts to shorten the period to seek review of their adjudicatory decisions made under Code of Civil Procedure section 1094.5 to 90 days.

The statute becomes applicable and operational, unless otherwise tolled (see, e.g., *Farmer* v. *City of Inglewood* (1982) 134 Cal.App.3d 130, 140-141 [185 Cal.Rptr. 9]), when the following four conditions are present: (1) the governing board of the local agency adopts the statute by resolution or ordinance

---

[1]Code of Civil Procedure, section 1094.6, provides: "(a) Judicial review of any decision of a local agency, other than school district, as the term local agency is defined in Section 54951 of the Government Code, or of any commission, board, officer or agent thereof, may be had pursuant to Section 1094.5 of this code only if the petition for writ of mandate pursuant to such section is filed within the time limits specified in this section.

"(b) Any such petition shall be filed not later than the 90th day following the date on which the decision becomes final. If there is no provision for reconsideration of the decision in any applicable provision of any statute, charter, or rule, for the purposes of this section, the decision is final on the date it is made. If there is such provision for reconsideration, the decision is final for the purposes of this section upon the expiration of the period during which such reconsideration can be sought; provided, that if reconsideration is sought pursuant to any such provision the decision is final for the purposes of this section on the date that reconsideration is rejected.

"(c) The complete record of the proceedings shall be prepared by the local agency or its commission, board, officer, or agent which made the decision and shall be delivered to the petitioner within 90 days after he has filed a written request therefor. The local agency may recover from the petitioner its actual costs for transcribing or otherwise preparing the record. Such record shall include the transcript of the proceedings, all pleadings, all notices and orders, any proposed decision by a hearing officer, the final decision, all admitted exhibits, all rejected exhibits in the possession of the local agency or its commission, board, officer, or agent, all written evidence, and any other papers in the case.

"(d) If the petitioner files a request for the record as specified in subdivision (c) within 10 days after the date the decision becomes final as provided in subdivision (b), the time within which a petition pursuant to Section 1094.5 may be filed shall be extended to not later than the 30th day following the date on which the record is either personally delivered or mailed to the petitioner or his attorney of record, if he has one.

"(e) As used in this section, decision means adjudicatory administrative decision made, after hearing, suspending, demoting, or dismissing an officer or employee, revoking or denying an application for a permit or a license, or denying an application for any retirement benefit or allowance.

"(f) In making a final decision as defined in subdivision (e), the local agency shall provide notice to the party that the time within which judicial review must be sought is governed by this section.

"As used in this subdivision, 'party' means an officer or employee who has been suspended, demoted or dismissed; a person whose permit or license has been revoked or whose application for a permit or license has been denied; or a person whose application for a retirement benefit or allowance has been denied.

"(g) This section shall be applicable in a local agency only if the governing board thereof adopts an ordinance or resolution making this section applicable. If such ordinance or resolution is adopted, the provisions of this section shall prevail over any conflicting provision in any otherwise applicable law relating to the subject matter."

[2]A local agency is defined in Government Code section 54951 as follows: ". . . 'local agency' means a county, city, whether a general law or chartered, city and county, town, school district, municipal corporation, district, political subdivision, or any board, commission or agency thereof, or other local public agency."

(§ 1094.6, subd. (g)); (2) the local agency's decision, after hearing, involves "suspending, demoting, or dismissing an officer or employee, revoking or denying an application for a permit or a license, or denying an application for any retirement benefit or allowance." (§ 1094.6, subd. (e); cf. *Nolan* v. *Redevelopment Agency* (1981) 117 Cal.App.3d 494, 502 [172 Cal.Rptr. 797]); (3) the local agency's decision is final, which occurs when the decision is made if there is no provision for reconsideration; otherwise it is final when the time for reconsideration expires or an application for reconsideration is denied (§ 1094.6, subd. (b)); and (4) the local agency provides notice to the affected party at the time of the final decision that the "time within which judicial review must be sought is governed by this" statute (§ 1094.6, subd. (f)).

When the statute applies, it prevails "over any conflicting provision in any otherwise applicable law relating to the subject matter." (Code Civ. Proc., § 1094.6, subd. (g).)

█ The record discloses that each of the conditions to make section 1094.6 applicable and operational are present in the instant case. Respondent County of Los Angeles, after adopting section 1094.6 by ordinance, notified petitioner of its adjudicatory decision and of his right to seek judicial review within ninety days as prescribed by section 1094.6. We find, therefore, that the filing of the petition for a writ of mandate on July 29, 1981, was not timely, and barred by section 1094.6, not being within 90 days from the date of notification.

Petitioner, however, argues that the commission's decision became final in the latter part of 1977, before the county's adoption of section 1094.6 and, therefore, his mandamus action is governed by Code of Civil Procedure section 343, a four-year statute of limitations. Petitioner cites *Allen* v. *Humboldt County Board of Supervisors, supra,* 220 Cal.App.2d 877, in support of his argument. Assuming, arguendo, that the decision was final in the latter part of 1977, petitioner's reliance on the *Allen* case is misplaced. In *Allen,* which involved the filing of a petition to set aside the granting of a zoning variance by a local agency four months after the board of supervisors denied the appeal, the court noted that the 30-day statute of limitations of Government Code section 11523 was not applicable because it applied only to designated state agencies and that the applicable statute of limitations depended on the right or obligation involved. The court held that, since the right involved did not bring any specific statute of limitations into operation, the "catch-all" four-year statute of limitations of Code of Civil Procedure section 343 applied. Here, unlike *Allen,* when petitioner filed his petition, section 1094.6 was the statutory law in this state and the county had, on February 17, 1978, adopted by ordinance the applicability of section 1094.6. The question arises, however, whether the statute of limitations contained in section 1094.6 can be applied retroactively to petitioner, since the statute of limitations in a mandamus proceeding " 'begins to run when the [petitioner's] right first accrues. [Citations.]' " (*Monroe* v. *Trust-*

*ees of the California State Colleges* (1971) 6 Cal.3d 399, 405 [99 Cal.Rptr. 129, 491 P.2d 1105].) Petitioner contends his right first accrued in 1977.

Section 1094.6 is a procedural statute of limitations. (See 2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 243, pp. 1099-1100.) As stated in *Eden v. Van Tine* (1978) 83 Cal.App.3d 879, 886-887 [148 Cal.Rptr. 215, A.L.R.4th 856]: "The law concerning retroactivity of such a statute was outlined in *Rosefield Packing Co.* v. *Superior Court,* 4 Cal.2d 120 [47 P.2d 716], where the court said (p. 122): '. . . it has been specifically held that *the legislature may shorten or extend the period of the statute of limitations, or similar time statutes relating to procedures, and that the changed period may be made applicable to pending proceedings* . . . If the statute operates immediately to cut off the existing remedy, or within so short a time as to give the party no reasonable opportunity to exercise his remedy, then the retroactive application of it is unconstitutional as to such party. [Citation.]' As to what is a '*reasonable opportunity to exercise his remedy,*' the *Rosefield* court decided that this is a question of law when it said on page 124: 'Whether there was reasonable time in these cases is not a matter committed to the discretion of the trial court. The question is one of constitutionality of the statute which in terms applies to the pending case; *and if it appears that there was a reasonable time for exercise of the remedy before the statutory bar became fixed, the lower court cannot consider individual hardship or other circumstances, but must give effect to the express provisions of the law.*' " (Italics added.)

One of the conditional requirements to make section 1094.6 applicable is notice to the affected party that the time within which judicial review must be sought is the 90-day limitation period of this statute. We find that this affords the affected party a "reasonable opportunity to exercise his remedy." (*Rosefield Packing Co.* v. *Superior Court* (1935) 4 Cal.2d 120, 122 [47 P.2d 716]; See *Developments—Statutes of Limitations* (1950) 63 Harv.L.Rev. 1177, 1190-1191.) Since the county adopted section 1094.6 and had notified petitioner of the 90-day limitation period before the petition was due, we conclude that section 1094.6 is applicable, became operational when petitioner was notified, and took preference over section 343 by legislative expression.

*Substantial Evidence Supports the Commission's Decision*

■ In an administrative mandate proceeding in which the trial court has properly exercised its independent judgment on the evidence, the trial court's factual determinations are conclusive on appeal if they are supported by substantial evidence. (*Moran* v. *Board of Medical Examiners* (1948) 32 Cal.2d 301, 308 [196 P.2d 20].) Here the independent test would govern the trial court's determination, since the dismissal of a county employee involves a fundamental right. (*Strumsky* v. *San Diego County Employees Retirement Assn.*

(1974) 11 Cal.3d 28, 34 [112 Cal.Rptr. 805, 520 P.2d 29]; *Rigsby* v. *Civil Service Com.* (1974) 39 Cal.App.3d 696, 700 [115 Cal.Rptr. 490].)

Code of Civil Procedure section 1094.5 limits a trial court's independent determination to a consideration of the entire agency record unless "the court finds that there is relevant evidence which, in the exercise of reasonable diligence, could not have been produced or which was improperly excluded at the [administrative] hearing. . . ." (Code Civ. Proc., § 1094.5, subd. (e).) █   And it is the responsibility of the petitioner to make available to the trial court an adequate record of the administrative proceeding; otherwise the presumption of regularity will prevail, since the burden falls on the petitioner attacking the administrative decision to demonstrate to the trial court where the administrative proceedings were unfair, were in excess of jurisdiction, or showed " 'prejudicial abuse of discretion.' " (*Gong* v. *City of Fremont* (1967) 250 Cal.App.2d 568, 574 [58 Cal.Rptr. 664]; *Caveness* v. *State Personnel Bd.* (1980) 113 Cal.App.3d 617, 630 [170 Cal.Rptr. 54]; *Alford* v. *Pierno* (1972) 27 Cal.App.3d 682, 691 [104 Cal.Rptr. 110].)

Here the petitioner failed to provide the trial court with any record of the administrative proceeding. We must conclude as the court did in the *Caveness* case that: "[I]n the absence of an evidentiary record, sufficiency of the evidence is not an issue open to question. Rather, we must presume that the findings were supported by substantial evidence." (113 Cal.App.3d at p. 630.)

Petitioner's other contention that the trial court abused its discretion in dismissing the petition because petitioner failed to provide the court with an administrative record is without merit.

## CONCLUSION

In summary, we conclude that the denial of a continuance was not an abuse of discretion. The petition was barred by the provisions of Code of Civil Procedure section 1094.6. Substantial evidence presumptively supported the agency's decision.

The judgment is affirmed.

Schauer, P. J., and Johnson, J., concurred.