[No. A025359. First Dist., Div. One. Oct. 22, 1986.]

RONALD E. HOTHEM, Plaintiff and Respondent, v.
CITY AND COUNTY OF SAN FRANCISCO et al.,
Defendants and Appellants.

## COUNSEL

Louise H. Renne and George Agnost, City Attorneys, and Kathryn A. Pennypacker, Deputy City Attorney, for Defendants and Appellants.

Ronald E. Hothem, Cheryl A. Isele and Hothem & Sampson for Plaintiff and Respondent.

## OPINION

**ELKINGTON, J.**—The City and County of San Francisco and certain of its agencies (City) appeal from a judgment granting a peremptory writ of mandate in proceedings taken by the City under Code of Civil Procedure section 1094.5.

Because of an apparent shortage in San Francisco of "residential" hotel rooms, the City had enacted an ordinance requiring generally that hotel rooms occupied "residentially" as of a certain date continue in that status. Respondent on this appeal, Ronald E. Hothem (Hothem) was the owner of a building, upon some or all of whose rooms the City sought to impose a "residential" hotel classification. Hothem resisted, insisting that under the facts and the ordinance his building was not used for residential, or any,

hotel purposes as of the critical date. Administrative proceedings were thereupon conducted by the City resulting in a decision favoring that entity.

Hothem thereupon sought a Code of Civil Procedure section 1094.5 writ of mandate by the superior court, seeking to undo the City's administrative action. Judgment was entered ordering the writ to issue. The City has appealed from the judgment.

Hothem's contentions in the superior court, as here, may reasonably be reduced to the argument that the evidence mandated a finding in his favor, i.e., that the adverse judgment was not supported by substantial evidence.

The parties appear to agree that at the City's *administrative hearing,* oral proceedings were conducted and oral and documentary evidence were adduced. The documentary evidence consisted of declarations under penalty of perjury, much correspondence between the parties, the so-called "street file" of the City's Department of Public Works, and perhaps other writings.

Placed in evidence before the *superior court* at its hearing, were *only* three declarations of Hothem tending to support his position, made under penalty of perjury; the remainder of the administrative record was *not* produced.

 On its appeal the City first contends that: "The trial court erred under Code of Civil Procedure § 1094.5 [subdivision] (c) by rendering a decision in the absence of the entire administrative record."

We first observe and all parties seem to agree, as do we, that the superior court in a case such as this is bound by the rule that it must "review the *entire administrative record* to determine whether the findings are supported by substantial evidence and whether the agency committed any errors of law, but the trial court need not look beyond that *whole record* of the administrative proceedings." (*Bixby* v. *Pierno* (1971) 4 Cal.3d 130, 144 [93 Cal.Rptr. 234, 481 P.2d 242]; our italics.)

Code of Civil Procedure section 1094.5, subdivision (c), declares that in such a superior court proceeding, an "abuse of [the administrative agency's] discretion is established if the court determines that the findings are not supported by substantial evidence in the light of the *whole record.*" (Our italics.)

 The burden is cast upon the plaintiff (here Hothem) in a Code of Civil Procedure section 1094.5 proceeding, to produce the administrative record. (*Karlson* v. *City of Camarillo* (1980) 100 Cal.App.3d 789, 798, fn.

4 [161 Cal.Rptr. 260]; *Civil Service Commission* v. *Superior Court* (1976) 63 Cal.App.3d 627, 630-631 [133 Cal.Rptr. 825]; *Feist* v. *Rowe* (1970) 3 Cal.App.3d 404, 422 [83 Cal.Rptr. 465]; *Mattison* v. *City of Signal Hill* (1966) 241 Cal.App.2d 576, 578-579 [50 Cal.Rptr. 682].) And it is noted that Code of Civil Procedure section 1094.5, subdivision (a), expressly provides that "the cost of preparing the [administrative] record shall be borne by the petitioner," here Hothem.

 Hothem insists that he was required only to produce an "adequate" record. But since the superior court, as noted, is required to determine whether the administrative findings and decision "are supported by substantial evidence in the light of the *whole record*" (our italics), an *adequate* record necessarily embraces the *"whole record."*

Nor are we persuaded by Hothem's argument that the defendant City had "an equal opportunity," and bore an "equal responsibility," to prepare the whole record. The argument is contrary to the above-noted legislative and judicial authority. And it contravenes long-standing rules that to be entitled to judicial review, one must present a record claimed to show error. (See *Beamon* v. *Dept. of Motor Vehicles* (1960) 180 Cal.App.2d 200, 210 [4 Cal.Rptr. 396].)

But we note also, Hothem's complaint, although informal, that the whole administrative record was, for some unapparent reason, *not* available. He insists that the quality of the recorded administrative record was too poor to be transcribed, and that he provided "all he had."

While on appeals such as this the judgment will ordinarily be affirmed in the absence of production of the entire administrative record, we are of the opinion that here the interest of justice requires that the judgment be reversed, and the cause remanded to the superior court. (See Code Civ. Proc., § 1094.5, subd. (f).) Upon such remand, the superior court will determine whether an entire administrative record was reasonably available to Hothem. If such a record was so available to Hothem, the court will enter judgment in favor of the City. If such a record was *not* so available to Hothem and thus to the superior court, that court will direct the City to set aside its earlier administrative proceedings and, at its option, to take administrative proceedings anew and make and maintain an adequate record thereof. (See 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal § 639, pp. 620-621.)

It becomes unnecessary to consider other contentions of the parties.

The judgment is reversed, and the cause is remanded to the superior court which will take further proceedings *not* inconsistent with this opinion. Respondent Hothem will bear the costs of this appeal.

Racanelli, P. J., and Holmdahl, J., concurred.

A petition for a rehearing was denied November 21, 1986.