[No. B064904. Second Dist., Div. Three. Dec. 23, 1993.]

ELIZABETH D., Plaintiff and Respondent, v.
FRANK ZOLIN, as Director, etc., et al., Defendants and Appellants.

**COUNSEL**

Daniel E. Lungren, Attorney General, Robert L. Mukai, Chief Assistant Attorney General, Henry G. Ullerich, Acting Assistant Attorney General, Martin H. Milas and Angela Sierra, Deputy Attorneys General, for Defendants and Appellants.

Barbara E. Johnson for Plaintiff and Respondent.

**OPINION**

**KITCHING, J.**—Defendants and appellants Director of Motor Vehicles and Department of Motor Vehicles (collectively referred to as DMV) appeal from a judgment granting a peremptory writ of administrative mandamus to set aside the suspension of plaintiff and respondent Elizabeth D.'s driving privileges. We find that since the trial court was not provided with either the administrative record or a sufficient portion of that record to review, it was unable to comply with Code of Civil Procedure section 1094.5.[1] Therefore, we reverse and remand to the trial court with directions to remand the cause to the DMV with instructions to conduct a new hearing.

### FACTUAL AND PROCEDURAL BACKGROUND

This appeal concerns the evidence required for a trial court to exercise its independent judgment in ruling on a peremptory writ of mandate after the suspension of driving privileges.

On May 29, 1991, Elizabeth D. suffered a seizure while at work, lost consciousness, and was taken to the hospital. On July 19, 1991, based on information received from her physician, the DMV sent notice that her

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise indicated.

driver's license was suspended effective July 23, 1991.[2] Elizabeth D. was advised that the action was taken "because the records of this department show that a disorder characterized by lapses of consciousness or control renders you incapable of safely operating a motor vehicle." She requested an administrative hearing. (Veh. Code, § 14100.)

On August 16, 1991, the DMV issued a notice of findings and decision sustaining the suspension. On August 23, 1991, Elizabeth D. requested an administrative review of the August 16, 1991, decision on grounds that she (1) suffered only one lapse, (2) had been taking medication with no ill side effects or further lapses, and (3) the one lapse occurred at work, not on the roadway. (Veh. Code, § 14105.5.) On September 16, 1991, Elizabeth D. received a notice of decision of administrative review sustaining the suspension.

On October 10, 1991, Elizabeth D. filed a petition for writ of mandate in the superior court seeking to compel the DMV to restore her driver's license. She contended the DMV abused its discretion because the evidence at the administrative hearing did not support the DMV's findings that she suffered from a condition characterized by lapses of consciousness or control which precluded her safe operation of a motor vehicle. Elizabeth D. did not provide a transcript of the administrative hearing, but in support of her petition, submitted to the court a declaration, the July 19, 1991, order of suspension/ revocation, the August 16, 1991, notice of findings and decision, an August 23, 1991, letter from counsel to DMV requesting an administrative review, the September 16, 1991, notice of decision of administrative review, a July 23, 1991, statement and November 4, 1991, declaration by Dr. Andrea Goldberg, and a November 4, 1991, declaration by her father.

In opposition, the DMV argued that medical evidence in the administrative record, which included the confidential morbidity report prepared by the attending physician Dr. M. Flagg, the July 23, 1991, statement by Dr. Goldberg, and a driver medical evaluation completed by Dr. Goldberg, supported a finding that Elizabeth D. had a seizure disorder characterized by

---

[2]The DMV is able to immediately suspend an individual's driving privileges for medical reasons after receiving a confidential morbidity report from the physician alerting the DMV of a medical problem. (Veh. Code, §§ 12806, subd. (c), 13953; Health & Saf. Code, § 410.)

Under Vehicle Code section 12806, subdivision (c), the DMV may suspend the driver's license of any person "[w]ho has a disorder characterized by lapses of consciousness or who has experienced, within the last three years, either a lapse of consciousness or an episode of marked confusion caused by any condition which may bring about recurrent lapses, or who has any physical or mental disability, disease, or disorder which could affect the safe operation of a motor vehicle unless the department has medical information which indicates the person may safely operate a motor vehicle. In making its determination, the department may rely on any relevant information available to the department."

lapses of consciousness. The DMV further argued that contrary to Elizabeth D.'s assertion, a single known episode of unconsciousness neither invalidates the suspension nor her physician's diagnosis, because the Vehicle Code contemplates that even a single episode of unconsciousness can result in license suspension. (Veh. Code, § 12806, subd. (c).) DMV cited, in part, to the administrative hearing transcript, but did not attach any of the exhibits to its papers.

The only medical evidence before the trial court, submitted as evidence at the administrative hearing, was Dr. Goldberg's July 23, 1991 statement, which read, in relevant part: "[Elizabeth D.] was initially evaluated by me on June 19, 1991. At that time she reportedly had a one time seizure on May 29, 1991. She apparently did not feel well most of the day. She was confused, was stopping in the middle of sentences, and also had some numbness around her lips. After a few hours of this, she passed out . . . . She was postictally confused. She was brought to the hospital and evaluated with a CT scan and EEG and an MRI. The CT scan and MRI are completely normal. The EEG did show generalized seizure discharges which were compatible with a seizure disorder. At the time of the incident in May the patient was begun on Dilantin 300 mg. [and was subsequently] switched to 400 mg[.] a day. . . . [¶] [Elizabeth D.] has been taking her medications in a reliable fashion. She . . . reports no further seizures or side effects from the medication. [¶] . . . At this time [Elizabeth D.] is on Dilantin and this should offer her a great deal of 'insurance' against having further seizures."

On November 8, 1991, the trial court heard argument and noted, on several occasions, that it did not have a copy of the administrative hearing transcript and must, de novo, look at the entire evidentiary record. When the court was advised by DMV's counsel that it did not have all of the medical exhibits presented at the hearing, and attached to the transcript, counsel was told it was his responsibility to bring that record before the court. The court granted Elizabeth D.'s petition after an independent evaluation of all the evidence.

Judgment was filed on November 13, 1991, and entered on December 11, 1991, in favor of Elizabeth D., setting aside the DMV's July 19, 1991, order of suspension, reinstating her driver's license, and purging her records of all references to the suspension. DMV filed a notice of appeal on February 10, 1992.

The record does not reflect whether DMV applied for or obtained a stay of the judgment. At oral argument, the court was advised that Elizabeth D.'s driver's license had been reinstated.

CONTENTIONS

The DMV contends that the trial court abused its discretion in rendering a decision without review of the entire administrative record.[3]

DISCUSSION

*In This Case, the Trial Court Was Required to Review the Administrative Record, or a Sufficient Portion of That Record, to Properly Exercise Its Required Independent Judgment*

### 1. Standard of Review

■   The procedures in section 1094.5 are the means for judicially reviewing final decisions of administrative agencies. (*Coombs* v. *Pierce* (1991) 1 Cal.App.4th 568, 574 [2 Cal.Rptr.2d 249], review den. Feb. 20, 1992.) "A driver's license is a fundamental right for the purpose of selecting the standard of judicial review of an administrative decision to suspend or revoke such license. In the matter before us, suspension . . . may be entirely appropriate, but it should be ordered only after the administrative record receives that 'independent judgment review.' " (*Berlinghieri* v. *Department of Motor Vehicles* (1983) 33 Cal.3d 392, 398 [188 Cal.Rptr. 891, 657 P.2d 383].) The trial court was required to exercise its "independent judgment in reviewing the administrative decision of the DMV. [Citation.] It is this court's duty to examine the trial court's findings to determine whether they are supported by substantial evidence." (*Machado* v. *Department of Motor Vehicles* (1992) 10 Cal.App.4th 1687, 1692 [13 Cal.Rptr.2d 457].)

### 2. Administrative Record

An administrative hearing regarding the suspension of driving privileges is conducted by the director or a hearing officer, and the proceedings are recorded or transcribed. (Veh. Code, § 14104.2.) At the hearing, the department considers its official records and may receive sworn testimony. (Veh. Code, § 14104.7.) Medical reports and hospital records relating to an individual's ability to safely operate a motor vehicle may be received into evidence. (Veh. Code, § 14104.7, subds. (a) & (c).)

In our case, at the DMV's administrative hearing, proceedings were conducted and oral testimony and documentary evidence were submitted.

---

[3]The DMV also contends that (1) Elizabeth D.'s evidence did not support a finding of administrative abuse of discretion, and (2) Elizabeth D. received sufficiently detailed findings after the administrative hearing. We need not address these additional issues because we agree with the DMV's principal contention that the trial court was required to review the administrative record, or a sufficient portion of that record, before ruling on the petition.

We ascertain from this record that the documentary evidence consisted of the July 23, 1991, statement of Dr. Goldberg, a confidential morbidity report submitted by Dr. Flagg, and a driver medical evaluation completed by Dr. Goldberg, and perhaps other writings. Elizabeth D. only provided the trial court Dr. Goldberg's July 23, 1991, statement.

█ Under section 1094.5, subdivision (a), "[a]ll or part of the record of the proceedings before the inferior tribunal, corporation, board, or officer may be filed with the petition, may be filed with respondent's points and authorities, or may be ordered to be filed by the court." Even though section 1094.5, subdivision (a) allows both parties in a mandamus proceeding to file either "all or part" of the record of the administrative proceeding for review by the court, this does not mean respondent is *required* to file the administrative record or that petitioner is *relieved* from the burden of providing a sufficient enough record to establish error.

In a section 1094.5 proceeding, it is the responsibility of the petitioner to produce a sufficient record of the administrative proceedings; ". . . otherwise the presumption of regularity will prevail, since the burden falls on the petitioner attacking the administrative decision to demonstrate to the trial court where the administrative proceedings were unfair, were in excess of jurisdiction, or showed ' "prejudicial abuse of discretion." ' [Citations.]" (*Foster* v. *Civil Service Com.* (1983) 142 Cal.App.3d 444, 453 [190 Cal.Rptr. 893]; see also, *Hothem* v. *City and County of San Francisco* (1986) 186 Cal.App.3d 702, 704 [190 Cal.Rptr. 893].) █ "[I]n the absence of an evidentiary record, sufficiency of the evidence is not an issue open to question. Rather, we must presume that the findings were supported by substantial evidence." (*Caveness* v. *State Personnel Bd.* (1980) 113 Cal.App.3d 617, 630 [170 Cal.Rptr. 54], as cited in *Foster* v. *Civil Service Com., supra*, 142 Cal.App.3d at p. 453.)

█ Elizabeth D. argues the transcript of the administrative hearing, the confidential morbidity report and the driver medical evaluation were irrelevant to consideration of her medical condition, and any failure to provide this evidence to the court, if error, was harmless. She further argues that the only material evidence consisted only of her own declaration and the November 4, 1991, declaration of Dr. Goldberg. However, neither of these documents was presented to the DMV.

We are not convinced that the DMV had a responsibility to prepare the record in this case, as that would be contrary to legislative and judicial authority. (*Hothem* v. *City and County of San Francisco, supra*, 186 Cal.App.3d at p. 705.) "[I]t contravenes long-standing rules that to be

entitled to judicial review, one must present a record claimed to show error." (*Ibid*; *Foster* v. *Civil Service Com.*, *supra*, 142 Cal.App.3d at p. 453; *Beamon* v. *Dept. of Motor Vehicles* (1960) 180 Cal.App.2d 200, 210 [4 Cal.Rptr. 396]; see also, *Lee* v. *Board of Civil Service Comrs.* (1990) 221 Cal.App.3d 103, 108 [270 Cal.Rptr. 47].) The DMV is not required to show it was right. It was up to Elizabeth D. to supply a sufficient record to show the DMV was wrong.

■ Elizabeth D. argues the filing of one selected medical document and declarations regarding events subsequent to the administrative hearing is legally sufficient. However, this selective evidence fails to establish administrative abuse of discretion. What she produced cannot be considered sufficient as a filing of "part of the record" of administrative proceedings permitted under section 1094.5, subdivision (a).

A petitioner has the burden to provide a partial record that will allow sufficient and effective review by the court. A partial record of an administrative proceeding is sufficient for the purposes of section 1094.5, subdivision (a) if it provides the reviewing court a basis for the affirmance or reversal of the order or decision, and establishes where in the proceedings the administrative body proceeded in excess of its jurisdiction, or denied a fair hearing or abused its discretion. This partial record must accurately represent the administrative proceedings, provide the reviewing court an understanding of what occurred below, and enable that court to provide an independent judicial review of the administrative decision.

Even though on appeals such as this, a judgment will sometimes be affirmed in the absence of production of an entire administrative record, we are of the opinion that litigants should not participate in "gamesmanship" that deprives a trial court of the opportunity to properly review claims of error in administrative proceedings. That is what happened in this case.

### 3. *Limitations on Evidence*

■ The record reflects that the trial court took into consideration the declarations Elizabeth D. presented with her petition. However, if we were going to review the admissibility of those materials (regardless whether DMV interposed any objections), we would consider the evidentiary limitations imposed by section 1094.5, subdivision (e), regarding the trial court's authority to admit and consider new evidence. (*Toyota of Visalia, Inc.* v. *New Motor Vehicle Bd.* (1987) 188 Cal.App.3d 872, 881 [233 Cal.Rptr. 708].) That section provides: "(e) Where the court finds that there is relevant evidence which, in the exercise of reasonable diligence, could not have been

produced or which was improperly excluded at the hearing before respondent, it may enter judgment as provided in subdivision (f) remanding the case to be reconsidered in the light of that evidence; or, in cases in which the court is authorized by law to exercise its independent judgment on the evidence, the court may admit the evidence at the hearing on the writ without remanding the case."

The court stated in *Windigo Mills* v. *Unemployment Ins. Appeals Bd.* (1979) 92 Cal.App.3d 586, 596-597 [155 Cal.Rptr. 63] that "[w]hen the Legislature granted the superior court the discretion to receive 'relevant evidence which, in the exercise of reasonable diligence, could not have been produced at the administrative hearing,' it reasonably may be inferred that it meant to authorize the receipt of evidence of events which took place after the administrative hearing. . . . We conclude that the superior court is authorized under section 1094.5, subdivision (e) to receive relevant evidence of events which transpired after the date of the agency's decision." (See also, *Curtis* v. *Board of Retirement* (1986) 177 Cal.App.3d 293, 298-299 [223 Cal.Rptr. 123]; *Curtin* v. *Department of Motor Vehicles* (1981) 123 Cal.App.3d 481, 484-486 [176 Cal.Rptr. 690].)

Dr. Golberg's November 4, 1991, declaration was a supplement to her July 23, 1991 statement. She stated that as of November 4, 1991, Elizabeth D. had not suffered another seizure nor side effects from her medication, and her Dilantin level was within therapeutic levels. This portion of the physician's declaration would be admissible because it appears to constitute new evidence that could not have been presented at the administrative hearing. It would be within the trial court's discretion to accept this evidence. However, the remainder of Goldberg's declaration states, "It is my opinion that [Elizabeth D.] acted responsibly in this incident in that she had an aura lasting several hours before the incident occurred, and would not drive. It is likely that in the event that there were any further incident[s], this same aura would occur and she could simply cease driving, or exercise the proper judgment in not driving as she did with respect to this incident." Since this remaining portion of the declaration does not present new evidence that could not have been produced at the administrative hearing, for the purposes of the petition, it would be inadmissible.

In Elizabeth D.'s declaration, she describes the events leading up to the seizure and her treatment at the hospital. This is not new evidence, and it could have been produced at the administrative hearing. Therefore, for purposes of the petition, it would be inadmissible. Only Elizabeth D.'s statements regarding continual taking of Dilantin, without side effects, and the cessation of additional seizures, would be considered new evidence

that could not have been previously presented, and would therefore be admissible.

An additional declaration by Elizabeth D.'s father discusses his daughter's medical history and confidence in her skills, judgment, and driving. These statements could have been introduced as evidence at the administrative hearing. Consequently, the declaration would be inadmissible.

When we consider the evidentiary limitations, these declarations, which Elizabeth D. considers as material, would not, by themselves, or even in conjunction with Dr. Goldberg's July 23, 1991, statement, support her claims of error.

## DISPOSITION

The judgment is reversed and remanded to the trial court with directions to remand the cause to the DMV with instructions to conduct a supplemental hearing in light of evidence regarding Elizabeth D.'s present medical condition. Each party shall bear its own costs on appeal.

Klein, P. J., and Hinz, J., concurred.