[No. G025876. Fourth Dist., Div. Three. Dec. 19, 2000.]

STUART FRED FRASE, Plaintiff and Respondent, v.
STEVEN GOURLEY, as Director, etc., Defendant and Appellant.

764

**Counsel**

Bill Lockyer, Attorney General, Silvia M. Diaz and Gabrielle Harner Brumbach, Deputy Attorneys General, for Defendant and Appellant.

George L. Chelius for Plaintiff and Respondent.

**Opinion**

**SILLS, P. J.**—The Department of Motor Vehicles (DMV) suspended Stuart Fred Frase's driver's license following an administrative per se hearing. When Frase challenged the suspension in court, the DMV was unable to file the complete administrative record because it had lost a portion of the hearing—the testimony of Frase and his expert—and refused to bear the cost of reconstructing it. We affirm the judgment setting aside the suspension.

I

Early in the evening on October 7, 1998, Frase was involved in a minor automobile accident in Irvine. Results of a blood test indicated he had been driving with a blood-alcohol content in excess of the legal limit. Based upon that report, his driver's license was suspended.

Frase requested an administrative per se hearing. Witnesses at the hearing were Frase and Darrell Clardy, his expert. Clardy contended that forensic test results were flawed because Frase's blood-alcohol level was rising. He submitted his own test results to prove it. In upholding the suspension, the hearing officer discounted Clardy's testimony as "too speculative."

Frase filed a petition for writ of administrative mandamus in the superior court and asked the DMV to prepare the record. The record prepared by the DMV did not contain the testimony of Frase or his expert; apparently that portion of the tape of the hearing had been erased. No one knows why only

these discrete portions were missing, but without them the administrative record is incomplete. In an effort to recreate the record, the deputy attorney general assigned to the case suggested that the parties stipulate to remand the matter for a new hearing where Frase and his expert would retestify. Frase indicated he would agree to that if the DMV paid the cost, estimated to be about $1,500, for his expert and attorney to appear at the new hearing. The DMV refused without giving a reason.

The DMV certified the record even though it was incomplete. Following a hearing, the trial court set aside the suspension.

## II

When a licensee files a petition for writ of administrative mandamus to challenge the DMV's decision to suspend his or her driver's license, "review shall be on the record of the hearing." (Veh. Code, § 13559.) The burden of supplying a record sufficient for review is on the licensee. (Code Civ. Proc., § 1094.5, subd. (a); *Elizabeth D. v. Zolin* (1993) 21 Cal.App.4th 347, 355 [25 Cal.Rptr.2d 852].) That burden is met when the licensee makes a proper request on the DMV to prepare and certify the record because the DMV records and transcribes the hearing (Veh. Code, § 14104.2), has sole custody and control of the recordings and other evidence, and has a duty to maintain an adequate record. (*Hothem v. City and County of San Francisco* (1986) 186 Cal.App.3d 702, 705 [231 Cal.Rptr. 70]; Cal. Administrative Mandamus (Cont.Ed.Bar 2d ed. 1989) Initiating Proceedings to Review, § 8.13, p. 267.)

If the DMV does not maintain a record which is adequate for judicial review it may choose, for example, to set aside the order, reconstruct the record, prepare a summary of the facts, or hold a new hearing. (See *Hothem v. City and County of San Francisco, supra,* 186 Cal.App.3d at p. 705; *Chavez v. Civil Service Com.* (1978) 86 Cal.App.3d 324, 332 [150 Cal.Rptr. 197].) On the other hand, if it fails to maintain an adequate record and then refuses to assist the petitioner in compiling the record, "the agency can be foreclosed from disputing petitioner's statement of fact" (*Woodard v. Personnel Commission* (1979) 89 Cal.App.3d 552, 561 [152 Cal.Rptr. 658]) or the court may set aside the order of suspension on that basis.

The DMV, whether intentionally or negligently, failed to maintain, and thus could not prepare, an adequate record in this case because discrete portions of the tape had been erased. The deputy attorney general properly recognized that the DMV had a duty to assist Frase in preparing an adequate record. She suggested that the parties stipulate to remand the matter for a

new hearing. Frase agreed, but on condition that the DMV pay the costs of his expert and attorney to attend the new hearing. This was a reasonable condition under the circumstances.

It is unclear why the DMV refused to pay Frase's costs. We were advised at oral argument that this was a "departmental decision," which suggests the DMV recognized the request was not unreasonable. But the fact the DMV made a conscious decision to force Frase to expend additional moneys when the need for the rehearing was solely its doing is outrageous. While $1,500 may be an insignificant sum of money to some, it can be a considerable sum for the average licensee, especially when it is placed on top of the sum which must be advanced for an attorney and an expert witness just to mount a basic defense to an administrative per se hearing. Moreover, requiring a licensee to pay any additional sum simply to obtain judicial review violates fundamental notions of due process and runs contrary to the legislative scheme.

In *Gikas v. Zolin* (1993) 6 Cal.4th 841 [25 Cal.Rptr.2d 500, 863 P.2d 745], our high court explained that "[t]he express legislative purposes of the administrative suspension procedure are: (1) to provide safety to persons using the highways by *quickly* suspending the driving privilege of persons who drive with excessive blood-alcohol levels; [and] (2) to guard against *erroneous deprivation* [of that privilege] by providing a prompt administrative review of the suspension . . . ." (*Id.* at p. 847, italics added.) This is why administrative per se hearings are set up as summary proceedings.

Just as important as a quick hearing, however, is a fair one. As *Gikas* suggests, a fair hearing is one which ensures that the licensee has an opportunity to guard against the "erroneous deprivation" of his or her license. Any procedure which is overly burdensome or expensive undermines the licensee's ability to raise potentially valid defenses, and creates roadblocks in any effort to obtain judicial review. A prohibitively expensive procedure would, for example, be an unfair barrier. But just as the DMV cannot impose excessive fees, it cannot act in a way which functionally has that effect. A licensee who hires an attorney and expert witness to represent him or her at the administrative per se hearing must bear the initial cost of that representation. Having done so once, however, the licensee cannot be commanded by the DMV to do so again simply in order to pursue judicial review.

Frase paid for his representation once. The DMV's refusal to bear the cost of Frase's attorney and expert witness at a new hearing here was arbitrary. The DMV must bear the responsibility for its intransigence. Accordingly, the

judgment setting aside the suspension is affirmed. Frase shall recover his costs on appeal.

Crosby, J., and Bedsworth, J., concurred.