Filed 7/1/24  Z.C. v. Zhan CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| Z.C.,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>WEITING ZHAN,<br><br>    Defendant and Appellant. | H051499<br>(Santa Cruz County<br>Super. Ct. No. 23CV01503) |

**MEMORANDUM OPINION**[1]

Weiting Zhan, representing herself, appeals the issuance of a civil harassment restraining order against her.  Zhan has not provided an adequate record or opening brief to enable meaningful appellate review.  Accordingly, we affirm.

It is well settled that a judgment is presumed correct and " 'error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  For that reason, an appellant bears the burden of providing an adequate record. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295 (*Maria P.*).)  Where the appellant fails to do so, a reviewing court is required to resolve the matter against the appellant. (*Id.* at pp. 1295–1296.)  We are not permitted to speculate as to the contents of missing portions of the record or issues appellant may have raised below. (*Kearl v. Board of Medical Quality Assurance*

---

[1] We resolve this case by memorandum opinion under California Standards of Judicial Administration, section 8.1.  (See also *People v. Garcia* (2002) 97 Cal.App.4th 847, 852–855.)

(1986) 189 Cal.App.3d 1040, 1051–1052.)  Instead, our review is limited to the record before this court.  (*People v. Neilson* (2007) 154 Cal.App.4th 1529, 1534.)

Similar rules apply to an appellant's opening brief, which must provide a summary of significant facts limited to matters in the record, include record citations in support of factual assertions, identify the relief sought, and explain why the order appealed from is appealable.  (Cal. Rules Court, rule 8.204(a)(1)(C), (a)(2)(A), (a)(2)(C).)  A reviewing court may not consider any statements of fact not supported by the record, or any claims of error based on unsupported statements.  (*McOwen v. Grossman* (2007) 153 Cal.App.4th 937, 947.)  Briefs must also provide argument and legal authority to support their contentions: "[w]hen an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived."  (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 (*Benach*).)

Zhan has failed to comply with these requirements.

The record before this court consists only of (1) the restraining order; (2) Zhan's "Response to Request for Civil Harassment Restraining Orders"; and (3) special interrogatories Zhan claims to have propounded.  There is no transcript or other documentation of the hearing or other oral proceedings in the trial court.  An appellant is required to provide a reporter's transcript, agreed statement, or settled statement for any issue that "requires consideration of the oral proceedings in the superior court."  (Cal. Rules of Court, rule 8.120(b).)

From the limited record before this court, we are able to discern only the following basic facts.  Following a hearing on October 9, 2023, which Zhan attended, a restraining order protecting Z.C.[2] was issued against Zhan on October 12, 2023, set to expire on October 8, 2024.  The restraining order stated that it was based on "unlawful violence, a credible threat of violence, or stalking."  Among other things, the restraining order

---

[2] To protect personal privacy interests, we will refer to the protected party by initials only, pursuant to California Rules of Court, rule 8.90(b)(5).

prohibits Zhan from harassing or contacting Z.C., and mandates that she stay at least 100 yards away from Z.C. and Z.C's home, workplace and school.

Zhan's response to the request for the restraining order was filed in advance of the hearing, on July 27, 2023. In the response, Zhan provided various "clarification[s]" regarding accusations of stalking, threats and harassment, as well as "additional reasons" not to issue the restraining order, such as "[c]onsideration of [Z.C.'s] [a]nxiety [d]isorder," and harm and potential criminal behavior by Z.C.

Lastly, Zhan appears to have served special interrogatories in September 2023.

Zhan filed a notice of appeal of the restraining order on October 9, 2023. This court earlier deemed the notice of appeal filed as of October 12, 2023, the date the trial court filed the restraining order. (Cal. Rules of Court, rule 8.104(d).)

In her opening brief, Zhan argues that the restraining order was "predicated on incorrectly assigned burden of proof, unchecked facts, misrepresentation, and references to pending civil and criminal lawsuits. Additionally, the plaintiff failed to respond to interrogatories and submit[ted] evidence just 1.5 hours before the trial."

However, Zhan has failed to provide any legal authority in support of her arguments. "An appellant must provide an argument and legal authority to support [his or her] contentions. This burden requires more than a mere assertion that the judgment is wrong. 'Issues do not have a life of their own: If they are not raised or supported by argument or citation to authority, [they are] . . . waived.' [Citation.] It is not our place to construct theories or arguments to undermine the judgment and defeat the presumption of correctness." (*Benach, supra,* 149 Cal.App.4th at p. 852.)

Nor does Zhan's opening brief include any citations to the record. Although she makes numerous factual assertions, we may not rely on them. (*Foster v. Civil Service Com.* (1983) 142 Cal.App.3d 444, 449.)

The opening brief attaches nine exhibits, but they do not appear to be documents from the appellate record. Although rule 8.204(d) of the Rules of Court allows a party to

3

attach copies of exhibits or other materials to a brief, they must be part of the record. (Cal. Rules of Court, rule 8.204(d); *Ilczyszyn v. Southwest Airlines Co.* (2022) 80 Cal.App.5th 577, 587, fn. 9 [declining to consider exhibits to brief that were not part of appellate record], citing *Duggan v. Moss* (1979) 98 Cal.App.3d 735, 739.)  Accordingly, we may not consider Zhan's exhibits.

We are mindful of the fact that Zhan is self-represented.  However, she is not exempt from compliance with the general rules set forth above.  "Under the law, a party may choose to act as his or her own attorney. [Citations.] '[S]uch a party is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys.' " (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247; see also *Severson & Werson*, *P.C. v. Sepehry-Fard* (2019) 37 Cal.App.5th 938, 952 ["self-represented parties must follow correct rules of procedure and failure to do so can result in waiver of challenges on appeal"].)  We may therefore disregard factual contentions not supported by citations to the record or based on information outside the record, as well as legal arguments not supported by citations to legal authority. (*Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520.)

Because Zhan has failed to show any error, we must presume the trial court's order was proper.  (*Maria P.*, *supra*, 43 Cal.3d at pp. 1295–1296.)

### DISPOSITION

The order is affirmed.  No costs are awarded because respondent did not file a brief on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)

4

_____
                                    Wilson, J.


WE CONCUR:




_____
            Greenwood, P. J.






_____
            Bamattre-Manoukian, J.








Z.C. v. Zhan
H051499