Filed 7/25/13; pub. order 8/16/13 (see end of opn.)
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| CALIFORNIA SCIENCE CENTER, | B244387 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BS136681) |
| v. | |
| STATE PERSONNEL BOARD, | |
| Defendant and Respondent; | |
| RUDY ARELLANES, | |
| Real Party in Interest and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, James C. Chalfant, Judge. Affirmed.

Kasey Christopher Clark, Chief Counsel, and David De La Riva, Legal Counsel, for Real Party in Interest and Appellant.

Joan A. Marcoff, Chief Counsel, Will M. Yamada, Deputy Chief Counsel, Frolan A. Aguiling, Assistant Chief Counsel, and Gail T. Onodera, Labor Relations Counsel, for Plaintiff and Respondent.

No appearance for Defendant and Respondent.

_____

Rudy Arellanes appeals the trial court's grant of a petition for writ of mandate by the California Science Center (Center) seeking to reverse the decision of the State Personnel Board (SPB) overturning Arellanes's termination. The trial court also denied Arellanes's petition for writ of mandate seeking reinstatement. We conclude that the administrative law judge (ALJ) and the SPB erred in excluding evidence of Arellanes's termination by the Los Angeles Sheriff's Department (LASD), and we affirm.

**BACKGROUND**

Arellanes submitted three examination and/or employment applications to the Center's Department of Public Safety (department). On December 28, 2006, Arellanes applied for the position of department chief. On March 20, 2007, he applied for the position of museum security officer, a position for which he was hired on April 24, 2007. On July 14, 2007, Arellanes applied for the position of supervising museum security officer, and he was promoted to that position on September 10, 2007.

The first two applications asked in question 5: "Have you ever been dismissed or terminated from any position for performance or other disciplinary reasons? . . . [¶] If 'Yes' to Question #5, give details in item #12, and refer to the instructions for further information." The third application used slightly different language in question 5: "Have you ever been fired, dismissed, terminated, or had an employment contract terminated from any position for performance or for disciplinary reasons? . . . If 'Yes' to Question #5, give details in Item #12." Arellanes answered "YES" to question 5 on each application, and provided the following explanation in item 12 in his applications on December 28, 2006 and March 20, 2007: "03-95: K-Mart—Violated store policy for not having two officers when making arrest. 09-90: L.A. Co. Sheriff—Terminated for violating Department policy for failing to report contacts with my informant of non-workable information." His application on July 14, 2007 stated in item 12: "09-90: L.A.

2

Co. Sheriff—Terminated for violating Department policy for failing to report contacts with my informant of non-workable information," omitting his termination from Kmart.[1]

The instructions stated: "All questions must be answered completely and accurately, except as noted. You may be disqualified for any false or misleading statements or for omitting information." The instructions also stated: "Explain any 'Yes' answers [to question 5] in Item 12. Include the facts in brief, the grounds for any action taken against you, and the circumstances under which you left the position." Arellanes signed each application under the following certification: "I certify under penalty of perjury that the information I have entered on this application is true and complete to the best of my knowledge. I further understand that any false, incomplete, or incorrect statements may result in my disqualification from the examination process or dismissal from employment with the state of California. I authorize the employers and educational institutions identified on this application to release any information they may have concerning my employment or education to the State of California." (Italics omitted.)

On May 4, 2009, the Center terminated Arellanes from his position as a supervising museum security officer, effective May 12, 2009. The notice of adverse action informed Arellanes that he was terminated pursuant to Government Code section 19572, which lists in subdivisions (a), (f) and (t) as cause for discipline of an employee: "Fraud in securing appointment. [¶] . . . Dishonesty. [¶] . . . [and] [o]ther failure of good behavior either during or outside of duty hours, which is of such a nature that it causes discredit to the appointing authority or the person's employment." The notice stated that in January 2009, department Assistant Chief Henry Fimbres had been alerted to a published appellate decision by this court, *Arellanes v. Civil Service Com.* (1995) 41 Cal.App.4th 1208. After discussing the appellate opinion with colleagues, staff, and legal counsel, department Chief Scott Parker requested an independent investigation by the

---

[1] Each application included an "EMPLOYMENT HISTORY" section, but Arellanes did not include the Kmart job in any of the three applications.

California Highway Patrol (CHP), which assigned Sergeant Doug Young to conduct the investigation.

Sergeant Young's CHP Administrative Investigation report determined that Arellanes had been terminated from the LASD for violating four LASD policies, by: "'maintain[ing] a personal association with persons . . . under criminal investigation or indictment . . . where such association would be detrimental to the image of the Department'"; "act[ing] in . . . a manner . . . 'discredit[ing] . . . himself or the Department"; failing to "'report to his . . . supervisor . . . information . . . that might indicate the need for Department actions'"; and failing to "'maintain . . . competency to properly perform [his . . . ] duties.'" The reason Arellanes had provided on his employment application "was neither truthful <u>nor</u> the same as the reasons for the actual termination, as detailed and outlined in the 1991 Los Angeles County Civil Service Commission decision and 199[5] appellate court decision sustaining [his] termination." The department would not have hired Arellanes had he truthfully explained his termination from LASD, and contrary to the certification on his applications, the information Arellanes provided "was not true, correct, or complete because [he] misrepresented the actual reasons for [his] termination . . . . [and] failed to indicate [his] termination from Kmart" on the last application. "[D]ismissal from employment is, therefore, the appropriate and well-noticed consequence."

Arellanes appealed to the SPB. An ALJ stated in a July 28, 2011 opinion that at the hearing, Arellanes moved to suppress evidence because "Sergeant Young obtained Appellant's personnel records from the County Records Center without Appellant's consent or by using proper discovery methods." (Fn. omitted.) The ALJ concluded that the records were personnel records within the meaning of Penal Code sections 832.7 and 832.8, and the Center had failed to file a motion for discovery of the records pursuant to Evidence Code section 1043, subdivision (a). Absent Arellanes's express waiver, the ALJ concluded that the records had been improperly obtained and, prior to the hearing, suppressed all the documents that Sergeant Young obtained from the county records center, any use of the information in interviewing Arellanes, and any use of the

4

information in the drafting of the notice of adverse action, as "'fruit of the poisonous tree.'" The ALJ also found that the excluded evidence and portions of the record were "only evidence of a very marginally probative type." Even considering the excluded evidence, the ALJ concluded that Arellanes "did not secure his appointment . . . by way of fraud or dishonesty and did not engage in other failure of good behavior." Arellanes disclosed his prior terminations, which gave the Center sufficient notice "to trigger [the Center's] duty to engage in a thorough pre-hire investigation." The ALJ revoked the dismissal. On August 9, 2011, the SPB adopted the ALJ's findings of fact, determination of issues, and proposed decision.

On December 28, 2011, Arellanes filed a petition for a writ of mandate in superior court under Code of Civil Procedure section 1085, seeking to enforce the SPB decision. On April 3, 2012, the Center filed a petition for a writ of administrative mandate under Code of Civil Procedure section 1094.5, seeking to overturn the SPB decision or remand the case to the SPB for further proceedings. The trial court consolidated the two petitions.

At a hearing on July 10, 2012, the trial court defined the issue as "whether there was a false statement in a series of employment applications by . . . Arellanes." After hearing argument, the trial court adopted its tentative decision as its order, granted the Center's writ petition, and denied Arellanes's writ petition.

The trial court's thorough 15-page order applied the substantial evidence standard of review to the SPB decision, and reviewed the SPB's legal conclusions de novo. The court concluded that there was no substantial evidence that Sergeant Young obtained Arellanes's personnel records from the LASD or from a Civil Service Commission archive. Instead, Sergeant Young obtained the records from public information in a Los Angeles County records center.[2] The trial court also concluded that because no search

---

[2] The trial court stated in a footnote: "S[ergeant] Young's declaration and the Department's request for judicial notice, neither of which the court has considered, show that he in fact went to the Court of Appeals' records office."

5

occurred, the Fourth Amendment was not implicated and the exclusionary rule did not apply. Therefore, the records should not have been excluded.

The improperly excluded evidence showed that Arellanes was dishonest in his applications and his answers were incomplete, despite the instructions and his signature under penalty of perjury. Any negligence by the department in not investigating Arellanes's discharge from the LASD did not make Arellanes's false statements immaterial. The records also showed fraud and failure of good behavior causing discredit to the department, with the latter based on Arellanes's 2007 application during his employment by the department.[3]

In a judgment filed August 14, 2012, the trial court issued a peremptory writ of mandate remanding the proceedings to SPB and commanding SPB to set aside its August 9, 2011 reinstatement of Arellanes, and denied Arellanes's petition. Arellanes filed this timely appeal.[4]

## BACKGROUND

"[T]he trial court appropriately applied substantial evidence review to examine the entire administrative record, to determine whether the agency's findings were supported by substantial evidence. [Citations.] [¶] On review, our task is similar. Here, . . . [citation], 'we are not free to indulge in an independent reconstruction of the events . . . .' We examine all relevant evidence in the administrative record and view that evidence in the light most favorable to the judgment, resolving all conflicts in the evidence and drawing all inferences in support of the judgment. [Citations.]" (*Do v. Regents of the University of California* (2013) 216 Cal.App.4th 1474, 1489–1490.) "The burden is on [the department to show that] there was an abuse of discretion through the issuance of a decision . . . unsupported by substantial evidence." (*Id.* at p. 1490.) We

---

[3] In another footnote, the trial court stated: "His failure to list his [Kmart] firing on his last application for Supervising Museum Security Officer is material, but would not by itself justify his termination."

[4] SPB has filed a letter stating that it did not participate in the matter in the superior court, and would not actively participate in this appeal.

6

review questions of law, such as the exclusion of evidence, independently of the trial court and of the SPB. (*Department of Transportation v. State Personnel Bd.* (2009) 178 Cal.App.4th 568, 575 (*Department of Transportation*).)

## I.      The exclusionary rule does not apply.

Our independent review leads us to agree with the trial court that the SPB erred in applying the exclusionary rule to the evidence regarding Arellanes's termination from LASD. "The courts have seldom applied the exclusionary rule in administrative cases, even ones in which severe penalties are imposed based on the admission of illegally seized evidence." (*Department of Transportation*, *supra*, 178 Cal.App.4th at p. 576.) In balancing whether the social benefit of excluding the evidence outweighs the likely costs, courts consider whether the evidence was obtained under circumstances which shock the conscience, or which constitute egregious police behavior so as to offend the collective conscience of the people. (*Id.* at pp. 579–578.)

In *Dyson v. State Personnel Bd.* (1989) 213 Cal.App.3d 711, the agency conducted an unconstitutional search of Dyson's home, and the trial court answered yes to the "narrow question . . . whether the law requires the exclusion from an administrative disciplinary proceeding of evidence unconstitutionally seized from the employee's home by an agency employee who is a peace officer searching for evidence of theft of agency property." (*Id.* at p. 719.) The invalidity of the seizure, and the propriety of suppression, had been determined in a criminal proceeding (the criminal charges were later dismissed), so that the agency was collaterally estopped from denying the invalidity of the search. (*Id.* at pp. 722, 728.)

In this case there is no evidence that the department, through the CHP, conducted an unconstitutional search. Sergeant Young testified at the administrative hearing that he was given the Court of Appeal decision, initially unpublished, copied from an online database. He also received a Lexis printout of the published decision that showed the decision had later been published. The next day, he made a phone call to the LASD and asked for information regarding Arellanes's termination. When LASD informed him that they would not release the information without a waiver from Arellanes, Sergeant Young

ceased his efforts to get the records from LASD.  On February 13, 2009, Sergeant Young then went to the Court of Appeal and obtained a certified copy of the decision.  Armed with the appellate decision, Sergeant Young then went to what he called "the LA County Records Center," where, using the superior court case number, he asked for "records that were made public" because they were made available to the courts, and he was led to a room with other members of the public.  There he obtained several rolls of microfilm, containing "several cases from different people."  Finding Arellanes's case on the microfilm, Sergeant Young reviewed the record and printed from the exhibits documents he believed were relevant to the investigation.  The printed records were presented to the ALJ.

Whether the exclusionary rule barred the admission of the evidence "depends, first, on the existence of a search or seizure that violates the protections of the Fourth Amendment."  (*Conservatorship of Susan T.* (1994) 8 Cal.4th 1005, 1012.)  There was no evidence of an unconstitutional "search" or "seizure."  Sergeant Young requested and received public records.  No evidence supported the application of the exclusionary rule.

Further, the facts do not implicate Penal Code sections 832.7 and 832.8.  These sections apply to administrative proceedings as well as to criminal and civil proceedings.  (*Copley Press, Inc. v. Superior Court* (2006) 39 Cal.4th 1272, 1284.)  Section 832.7, subdivision (a), provides that "[p]eace officer . . . personnel records . . . are confidential and shall not be disclosed in any criminal or civil proceeding except by discovery pursuant to sections 1043 and 1046 of the Evidence Code."  Section 832.8 defines "'personnel records'" as "any file maintained under that individual's name by his or her employing agency," including, under subdivision (d), records related to employee discipline.  Sergeant Young did not obtain a file maintained under Arellanes's name by the agency which employed Arellanes.  The records were not obtained from the LASD, and there was no evidence to support the SPB's conclusion that Sergeant Young went to an archive of the Civil Service Commission.  The public records Sergeant Young accessed by providing a superior court case number from a published appellate decision

8

are not personnel records maintained by an individual's employer and thereby protected from disclosure.

**II.     The SPB's conclusion that Arellanes was not dishonest is not supported by substantial evidence.**

**A.      *The trial court did not improperly rely on the appellate opinion.***

Arellanes argues that the trial court improperly relied on the appellate opinion's statement of facts. This is contrary to the record. In its opinion, the trial court explicitly stated "the facts set forth in an appellate opinion are not admissible in a civil proceeding to prove their truth," and "the facts are supported by the attached investigative reports and undercover tape." At the hearing, the court explained: "I want to be clear, although I cite to the Court of Appeal decision in *Arellanes* [*v. Civil Service Com.*, *supra*, 41 Cal.App.4th 1208] for the facts, that is only for convenience . . . . Generally, appellate opinions are not admissible in a civil proceeding. . . . [T]he underlying documents I believe that were excluded contain the same information, and I simply cite to the Court of Appeal decision because it is a convenient summary of the reasons why . . . Arellanes was fired."[5]

**B.      *The excluded evidence shows that Arellanes was dishonest.***

The documents obtained by Sergeant Young and excluded from the administrative proceedings were attached as exhibit D to the Center's writ petition. The documents included a civil service commission recommended decision dated June 20, 1991, reflecting that Arellanes's termination from his job as a deputy sheriff had resulted from his violation of four violations of provisions of the LASD Manual of Policy and Procedures.

The decision made findings of fact as follows. During his full-time employment with LASD, Arellanes had received a prior five-day suspension for "prohibited association." He received five telephone calls in a five-week period from a criminal,

_____

[5] The ALJ quoted the appellate opinion's list of the four LASD departmental rules Arellanes was found to have violated.

Robert Arrand, and did not discourage him from calling or deny knowledge of other criminals mentioned. Arellanes met with Arrand on May 10, 1989, and Arrand told him he had been arrested. "Arrand requested information from [Arellanes] about another alleged criminal, a potential hit, and asked if he could pay [Arellanes] on the same basis as convicted criminal 'Jay' for additional information." Arellanes did not report this contact to his supervisors. This behavior violated LASD's Manual of Policies and Procedures regarding General Behavior, Reporting Information, Incompetence, and Prohibited Association. The hearing officer concluded that Arellanes was properly discharged and recommended that the discharge be sustained. The Civil Service Commission adopted the findings and recommendation of the hearing officer as its final decision.

Also in the excluded materials was a transcript of a February 19, 2009 interview of Arellanes by Sergeant Young, in which Arellanes stated that his LASD termination "was for not reporting information of . . . specifically contacts that [he] had with [his] employer," after "being investigated by internal affairs for [his] contacts with [his] informant a year ago that [he] did not report to them." Confronted with the four department rule violations, Arellanes stated: "Oh, yeah, yeah. . . . They added some other stuff . . . ." Sergeant Young read to Arellanes portions of the appellate court decision, and Arellanes responded "as them, having evidence, it was never produced in court." Asked why he did not list the four violations, Arellanes responded: "I just didn't. It wasn't that I was trying to be evasive or, or dishonest. I figured, could talk to the [INAUDIBLE] if they wanted to, uh, to investigate more, they have, they could've done that." "I just tried to summarize it." Arellanes later admitted meeting once with "Aaron," who "said he had information for me . . . [a]nd when he didn't give me . . . anything, uh, we said our goodbyes," and who had also called Arellanes at work. Arellanes stated: "Aaron was not an informant," and Arellanes "never did anything for him."

The evidence regarding Arellanes's discharge from LASD uncontrovertibly demonstrates that Arellanes was dishonest when he wrote on his applications for

10

employment as a security officer that he had been "terminated for violating Department policy for failing to report contacts with [his] informant of non-workable information." Arellanes met with a criminal who Arellanes admitted was *not* his informant and who offered to pay Arellanes for information. Arellanes was terminated for violating LASD policies regarding general behavior, reporting information, incompetence, and prohibited association. There is no substantial evidence that Arellanes was telling the truth on his applications. This was in violation of Government Code section 19572, subdivision (f).

Further, it is immaterial whether the department was diligent or thoroughly investigated the reasons for Arellanes's termination by LASD before hiring Arellanes. Arellanes was dishonest when he completed the applications and signed the certification under penalty of perjury, regardless of what the department did or did not investigate after he applied.

Substantial evidence does not support the SPB decision revoking Arellanes's termination.

## DISPOSITION

The judgment is affirmed. Costs are awarded to respondent California Science Center.


JOHNSON, J.

We concur:


ROTHSCHILD, Acting P. J.


CHANEY, J.


11

Filed 8/16/13

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| CALIFORNIA SCIENCE CENTER, | B244387 |
| | (Los Angeles County |
| Plaintiff and Respondent, | Super. Ct. No. BS136681) |
| v. | CERTIFICATION AND |
| | ORDER FOR PUBLICATION |
| STATE PERSONNEL BOARD, | |
| Defendant and Respondent; | |
| RUDY ARELLANES, | |
| Real Party in Interest and Appellant. | |

The opinion in the above-entitled matter filed July 25, 2013, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

ROTHSCHILD, Acting P. J.          CHANEY, J.          JOHNSON, J.

12