Filed 8/29/14  Khan v. County of San Mateo CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| SALMA KHAN,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>COUNTY OF SAN MATEO,<br><br>        Defendant and Respondent. | A138743<br><br>(San Mateo County<br>Super. Ct. No. CIV 519100) |

**MEMORANDUM OPINION**[1]

In 2009, appellant Salma Khan was terminated from her employment with the County of San Mateo (County) as a staff psychiatrist at the North County Mental Health Clinic.  Pursuant to the San Mateo County Civil Service Commission Rules, Khan's appeal of the termination was the subject of a lengthy hearing before a hearing officer in August, September and October 2011.  In May 2012, the hearing officer rendered a 52-page decision upholding the termination.  The decision reviewed the testimony and exhibits submitted at the hearing and concluded the County had carried its burden with respect to three of four charges of misconduct, including insubordination, failure to follow work rules, and inability to work as a team.

Khan filed a petition for writ of mandate seeking reinstatement on January 14, 2013, alleging she had not been provided a fair hearing and the hearing officer's decision was not supported by the evidence.  The County filed an opposition to the petition

---

[1] We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1(1), (3).

arguing it should be denied because, among other grounds, Khan had not lodged an administrative record or any other evidence on which the trial court could base its decision. The court's docket sheet reflects the filing of a series of exhibits from the administrative hearing, but there is no mention of a reporter's transcript. On February 28, 2013, the trial court entered an order denying Khan's writ petition without prejudice, stating: "The petitioner has not submitted a memorandum of points and authorities, or declaration. Also, no reporter's transcript has been submitted. The reporter's transcript is essential to evaluating the petitioner[']s arguments. In the absence of an adequate record the petition may be denied for failure to meet the burden of proof. [Citations.] It is petitioner[']s responsibility to file an adequate record in order to obtain relief. [Citation.] Denied without prejudice. Petition denied."

Within two weeks, Khan renoticed a hearing on the petition. Although she filed a declaration giving her side of the story, she still did not provide the court with the reporter's transcript of the hearing. The County filed an opposition, again raising Khan's failure to file a proper administrative record. The court found the notice of hearing inadequate and held Khan was required by the earlier denial to file either a new petition or a motion for a new trial. The court concluded, the "petition remains denied." Judgment was entered on the basis of this order.

Following the filing of her notice of appeal, Khan caused a reporter's transcript of the administrative hearing to be prepared, and it has been filed as part of the appellate record. Khan has argued her appeal on the merits. She neither acknowledges, denies, nor explains her failure to present the trial court with the reporter's transcript.

We are required to affirm the judgment on the basis of Khan's failure to provide a complete administrative record to the trial court. The trial court's task in reviewing the hearing officer's decision was " 'to examine the entire administrative record, to determine whether the [hearing officer's] findings were supported by substantial evidence.' " (*California Science Center v. State Personnel Bd.* (2013) 218 Cal.App.4th 1302, 1307.) Necessarily, that task required the submission of the "entire administrative record," notably including a transcript of the hearing testimony. It was Khan's

2

responsibility, as petitioner, to see that the court was provided with that record. "In a [Code of Civil Procedure] section 1094.5 proceeding, it is the responsibility of the petitioner to produce a sufficient record of the administrative proceedings; '. . . otherwise the presumption of regularity will prevail . . . .' [Citations.] '[I]n the absence of an evidentiary record, sufficiency of the evidence is not an issue open to question. Rather, we must presume that the findings were supported by substantial evidence.' " (*Elizabeth D. v. Zolin* (1993) 21 Cal.App.4th 347, 354.) Because the trial court did not have a complete record, it was required to presume the findings were supported by substantial evidence, and there was no evidentiary basis for Khan's claim of an unfair hearing. The trial court provided Khan with an opportunity to cure the defect by denying the petition without prejudice, but she filed a new notice of motion without filing a reporter's transcript.

Although Khan has provided this court with the reporter's transcript, it is too late in the litigation process to cure the deficiency. A litigant cannot augment the appellate record with materials that were not before the trial court. (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3.) " 'It is an elementary rule of appellate procedure that, when reviewing the correctness of a trial court's judgment, an appellate court will consider only matters which were part of the record at the time the judgment was entered. [Citation.] This rule preserves an orderly system of [litigation] by preventing litigants from circumventing the normal sequence of litigation.' " (*Haworth v. Superior Court* (2010) 50 Cal.4th 372, 379, fn. 2.)

## DISPOSITION

The judgment of the trial court is affirmed.

_____
Margulies, Acting P.J.

We concur:


_____
Banke, J.


_____
Becton, J.*

---

* Judge of the Contra Costa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.