[No. G017198. Fourth Dist., Div. Three. Dec. 9, 1996.]

JOHN MITCHELL BURNSTINE, Plaintiff and Respondent, v.
DEPARTMENT OF MOTOR VEHICLES, Defendant and Appellant.

## COUNSEL

Daniel E. Lungren, Attorney General, Silvia Diaz and Mary Horst, Deputy Attorneys General, for Defendant and Appellant.

William J. Kopeny for Plaintiff and Respondent.

OPINION

THE COURT.*—John Mitchell Burnstine was arrested for driving under the influence of alcohol. According to the officer's statement, when Burnstine was asked to take a blood, breath, or urine test, he refused: "[Driver] Burnstine very uncooperative in answering questions. Chem[ical] test adm[onition] read twice. [Driver] Burnstine interrupted and changed subjects repeatedly. When asked which test he wanted to take [driver] Burnstine shrugged shoulders and refused to answer." Based on the officer's statement, the Department of Motor Vehicles (DMV) issued an administrative per se order suspending Burnstine's driver's license. (Veh. Code, § 13353.) Burnstine requested a departmental review of the suspension. The administrative order was upheld and Burnstine never contested it.

Meanwhile, a criminal complaint was filed alleging Burnstine had been driving under the influence of alcohol in violation of Vehicle Code section 23152, subdivision (a). The complaint further alleged Burnstine willfully refused to complete a blood, breath, or urine test. Following a jury trial, a mistrial was declared (the vote was 10-2 for acquittal). Burnstine then pled guilty to a charge of resisting arrest (Pen. Code, § 148), and all other charges were dismissed. Several months later, and on Burnstine's motion, the municipal court entered an order of "factual innocence" pursuant to Penal Code section 851.8. Based on this order, Burnstine demanded that the DMV reinstate his license. When the DMV refused, he filed a petition for writ of mandate under Code of Civil Procedure section 1085, which the superior court granted.

■ Although the parties express the issue in different ways, fundamentally the question is: Does the DMV have a mandatory duty to reinstate a person's driver's license suspended pursuant to Vehicle Code section 13353 if that person is later found factually innocent of a criminal charge of willfully refusing to take a chemical test? The answer is no.

Unlike Vehicle Code section 13353.2 (which governs the suspensions of drivers' licenses for driving with a blood-alcohol concentration of .08 percent or more),[1] section 13353 has no similar provision requiring the

---

*Before Sills, P. J., Crosby, J., and Rylaarsdam, J.

[1]Subdivision (e) of Vehicle Code section 13353.2 states, in part: "If a person is acquitted of criminal charges relating to a determination that [the person was driving with a blood alcohol concentration of .08 percent or more . . .], the department shall immediately reinstate the person's privilege to operate a motor vehicle if the department has suspended it administratively . . . ."

reinstatement of a person's driver's license on a judicial finding of acquittal.[2] Recognizing there is no statutory right to reinstatement, Burnstine makes an equal protection argument. He asserts it is unfair for a person who is acquitted of a drunk driving charge to have the ability to have their license reinstated while a person who is found factually innocent of willful refusal to test must still suffer an administrative suspension.

Burnstine's equal protection "as applied" argument is unpersuasive. It is beyond cavil that the Legislature has the power to set the penalties to be imposed for offenses. Moreover, in the arena of administrative proceedings our Supreme Court noted in *Gikas* v. *Zolin* (1993) 6 Cal.4th 841 at pages 852 to 853 [25 Cal.Rptr.2d 500, 863 P.2d 745], that "an acquittal in a criminal case does not necessarily preclude administrative proceedings based upon the same facts" because the Legislature has the power to make "the administrative suspension proceeding of [the] case completely independent of the criminal." And "[a]bsent constitutional constraints, when the Legislature has established policy, it is not for the courts to differ. . . . " (*Id.* at p. 851, citations omitted, fn. omitted.)

Although the drivers in these two situations are treated differently, that is because different policy considerations are at stake. In a driving under the influence case, the license suspension is for driving with a blood-alcohol concentration of .08 percent or more. An acquittal of the criminal charge of driving under the influence obviously has a direct bearing on the administrative suspension since the two proceedings functionally resolve the same issue. Under those circumstances, the Legislature made the policy decision that a person acquitted of the criminal charge of driving under the influence may not have his or her license suspended administratively.

Here, however, the factual finding of innocence came in a criminal case where the issue to be decided was whether Burnstine had willfully refused to take a chemical test. But, under the implied consent law, it has long been held that a refusal to take a chemical test does not require an intentional (or even purposeful) refusal; it occurs, quite simply, when the driver does not take one of the chemical tests. (*Bush* v. *Bright* (1968) 264 Cal.App.2d 788, 791 [71 Cal.Rptr. 123] [suspension proper even though driver's intoxication rendered him incapable of refusing test].) In short, the criminal case resolved

---

[2]Subdivision (a) of Vehicle Code section 13353 states, in part: "If any person refuses the officer's request to submit to, or fails to complete, a chemical test or tests pursuant to Section 23157, upon receipt of the officer's sworn statement that the officer had reasonable cause to believe the person had been driving a motor vehicle in violation of Section . . . 23152 . . . and that the person had refused to submit to, or did not complete, the test or tests after being requested by the officer . . ." the department shall suspend or revoke the person's privilege to drive.

a discrete issue not involved in the administrative hearing. (*Ellis* v. *Pierce* (1991) 230 Cal.App.3d 1557, 1562 [282 Cal.Rptr. 93] [driver's license suspension statute differs from statute imposing refusal enhancement in that the former does not require willful refusal].) Under those circumstances, the Legislature made the policy decision that a person acquitted of the criminal charge of willful refusal to take a chemical test may still have his or her license suspended administratively.

Because the different policy decisions are rationally related to the goals of the specific statutes, we conclude the DMV was not required to reinstate Burnstine's driver's license. Accordingly, the judgment is reversed. The DMV shall recover its costs on appeal.

Respondent's petition for review by the Supreme Court was denied April 2, 1997. Mosk, J., was of the opinion that the petition should be granted.