Filed 1/29/15  Jackson v. Shiomoto CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ERIC JACKSON,<br><br>        Plaintiff and Appellant,<br><br>    v.<br><br>JEAN SHIOMOTO, as Director, etc.,<br><br>        Defendant and Respondent. | B255797<br><br>(Los Angeles County<br>Super. Ct. No. BS144939) |

        APPEAL from a judgment of the Superior Court of Los Angeles County. James C. Chalfant, Judge.  Affirmed.

        Law Offices of Duane R. Folke, Duane R. Folke for Plaintiff and Appellant.

        Kamala D. Harris, Attorney General, Alicia M. B. Fowler, Assistant Attorney General, Michael E. Whitaker and Patricia A. Nevonen, Deputy Attorneys General, for Defendant and Respondent.

        _____

Appellant Eric Jackson seeks to overturn respondent director of the Department of Motor Vehicles' (DMV) administrative decision to suspend his driving privilege. Jackson failed to submit an administrative record or other evidence that could support his petition for writ of mandate. Accordingly, we affirm the trial court's decision to dismiss his petition with prejudice.

## BACKGROUND

Jackson filed a petition for writ of mandate in September 2013, requesting that the trial court direct the DMV to stay and set aside its decision suspending his driving privilege, including his commercial driver's license.

Jackson attached the DMV's August 2013 decision to his petition. That decision stated that in December 2012, Jackson was observed driving a motor vehicle 75 miles per hour in a 35 mile per hour zone while appearing to race another car. A police officer stopped Jackson's vehicle. The officer observed Jackson to have bloodshot and watery eyes, an unsteady gait, and slurred speech, and the officer detected the odor of alcohol. Jackson was arrested under the charge of driving under the influence and was admonished that his driving privilege could be revoked if he failed to complete a chemical test to determine the alcohol content of his blood.

According to Jackson, he provided a urine test, and the test results were negative for any illicit substances.[1] According to the DMV's decision, the arresting police officer testified that Jackson was offered a chemical test multiple times and Jackson refused. On that basis, the DMV hearing officer found that Jackson refused or failed to complete a chemical test after being requested to do so by a peace officer and ordered his driving privilege suspended.

---

[1] A laboratory report for a urine screen was attached to Jackson's writ petition. The urine screen tested only for illicit drugs, not alcohol. Moreover, it was not presented to the trial court at the hearing on the writ petition.

In the trial court, Jackson applied ex parte for a stay of enforcement of the administrative decision. The application was denied, as the trial court found that Jackson had previously made a similar application and failed to properly move for reconsideration. At the hearing, the trial court admonished Jackson's attorney to "get the [administrative] record right away."

In December 2013, the trial court set a February 2014 hearing date for Jackson's petition for writ of mandate. Jackson's attorney appeared at the February 2014 hearing, but the DMV did not appear. Based on Jackson's failure to file and serve a previously ordered opening brief and failure to lodge the administrative record in support of his petition, the trial court dismissed Jackson's petition for writ of mandate with prejudice and entered judgment against him.

Jackson timely appealed.

## DISCUSSION

Code of Civil Procedure section 1094.5 governs judicial review of a final decision or order rendered by an administrative agency.

The trial court dismissed Jackson's petition for writ of mandate because he failed to file the administrative record. "[I]t is the responsibility of the petitioner to make available to the trial court an adequate record of the administrative proceeding; otherwise the presumption of regularity will prevail, since the burden falls on the petitioner attacking the administrative decision to demonstrate to the trial court where the administrative proceedings were unfair, were in excess of jurisdiction, or showed "'prejudicial abuse of discretion.'"" (*Foster v. Civil Serv. Com.* (1983) 142 Cal.App.3d 444, 453.) Because Jackson did not provide the administrative record to the trial court, he was unable to show that the DMV abused its discretion or otherwise committed error in suspending his driving privilege.

Jackson argues, on appeal, that we should make factual findings and decide that the DMV improperly determined that Jackson refused or failed to take a chemical test for blood alcohol content. On a petition for writ of administrative mandate, we review the

3

trial court's findings for substantial evidence. (*Fukuda v. City of Angels* (1999) 20 Cal.4th 805, 824.) "'[I]n the absence of an evidentiary record, sufficiency of the evidence is not an issue open to question. Rather, we must presume that the findings were supported by substantial evidence.'" (*Elizabeth D. v. Zolin* (1993) 21 Cal.App.4th 347, 354.) Just as the trial court was unable to make factual determinations in Jackson's favor, the absence of the administrative record or other evidence prevents us from doing so as well. Jackson makes numerous assertions that are unsupported by citation to the record, including that the district attorney determined Jackson did not refuse a chemical blood alcohol test, that the chemical test instructions given to Jackson were confusing, and that the DMV led Jackson's attorney to believe that the matter would be resolved prior to the hearing on the writ petition. No evidence has been presented to support any of these claims.[2] Nor has Jackson presented any portion of the administrative record to show that that the DMV hearing officer erred. According to the DMV's August 2013 decision, the arresting officer testified that Jackson was offered a chemical test multiple times but refused. This testimony appears nowhere in the record, and we can only assume that the testimony was accurately recounted and properly relied on by the hearing officer.

The trial court also dismissed Jackson's writ petition on the basis that he failed to file a brief prior to the hearing even though he previously had been ordered to do so. A failure to file a supporting memorandum may be taken as an admission that a motion is not meritorious. (Cal. Rules of Court, rule 3.1113(a).) The trial court invoked this rule in dismissing Jackson's petition, a decision we review for an abuse of discretion. (*Quantum Cooking Concepts, Inc. v. LV Associates, Inc.* (2011) 197 Cal.App.4th 927, 932.) We

---

[2]    In any event, the DMV has no mandatory duty to reinstate a person's driver's license if the person is later found factually innocent of willfully refusing to take a chemical test. (*Burnstine v. Department of Motor Vehicles* (1996) 51 Cal.App.4th 1428, 1430.)

4

find no abuse of discretion here.  Jackson's counsel appeared at the hearing on the writ petition without submitting an opening brief as required by the trial court.  Even if a brief were filed, it would have been of little value given the failure to lodge the administrative record.  Moreover, no continuance of the hearing was sought prior to the hearing itself.  Under these circumstances, the trial court was justified in finding that Jackson failed to meet his burden and in dismissing his writ petition.

## DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


BOREN, P.J.

We concur:


ASHMANN-GERST, J.


HOFFSTADT, J.